## BLAIR, COMMISSIONER, *v.* UNITED STATES EX REL. BIRKENSTOCK ET AL., EXECUTORS, ETC.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 713.   Argued May 4, 1926.—Decided May 24, 1926.

Under § 1019 of the Revenue Act of 1924, which provides: " Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, . . . interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax . . . was paid to the date of the allowance of the refund, or in case of a credit, to the due date of the amount against which the credit is taken . . ."—*held :*·

   1. Interest runs to the date on which the Commissioner of Internal Revenue signs the authorization to the Disbursing Clerk of the Treasury, directing him to pay the refund. *Girard Trust Co.* v. *United States,* 270 U. S. 163.   P. 348.

   ' 2. Where an excessive income tax is paid in instalments, interest does not begin running upon payments in excess of instalments due until the payments exceed the total tax due.   Revenue Act, 1918, §§ 250(a) (b), 252.   P. 351.

   3. The provision of § 1019 that " in case of a credit " interest is to be allowed " to the due date of the amount against which the credit is taken," relates to a credit properly allowed of a

" tax erroneously or illegally assessed or collected," and has no application to excess payments of quarterly instalments which the Government was entitled to treat as an advance payment of later instalments, under the provisions of § 250.   P. 353.

55 App. D. C. 376, reversed.

CERTIORARI to a judgment of the Court of Appeals of the District of Columbia which affirmed a judgment grant-ing· the writ of mandamus to compel the Commissioner of Internal Revenue to compute and allow interest on in-come tax refunds.

*Mr. T. H. Lewis,* with whom *Solicitor General Mitchell* and *Messrs. Newton K. Fox* and *Ralph E. Smith* were on the brief, for petitioner.

*Mr. James Craig Peacock,* with whom *Mr. John W. Townsend* was on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

In 1920, Margaret Murphy, testatrix of respondents, paid without protest, to the Collector of Internal Revenue at Philadelphia, the sum of $88,956.92 as income tax for the year 1919.   On May 18, 1923, a claim was filed with the Commissioner of Internal Revenue, for a refund of $35,054.85 as an overpayment of her taxes for 1919.   On May 19, 1924, the Commissioner signed a " schedule of overassessment and allowance of abatement, credit and refund," in the amount claimed, and gave certain instruc-tions to the Collector with respect to it.   On a statement from the Collector that the amount claimed was subject to refund, the Commissioner, on August 12, 1924, signed an authorization to the Disbursing Clerk of the Treasury to pay to respondents the refund demanded, with inter-est computed from November 18, 1923 (six months after the filing of the claim for refund, as provided by § 1324 of the Revenue Act of 1921, which he deemed applicable)

to May 19, 1924, the date on which the Commissioner signed the schedule of overassessment.

Respondents protested the amount of interest allowed, and demanded that it be computed on the excess of each quarterly payment from the date when it was made, in 1920, to August 12, 1924, the date upon which the Commissioner signed the authorization to the Disbursing Clerk. Upon the refusal of the Commissioner to allow this claim, respondents petitioned the Supreme Court of the District of Columbia for a writ of mandamus to compel him to compute and allow the interest demanded. The Commissioner, the petitioner here, filed an answer to which the respondents demurred. The Supreme Court of the District sustained the demurrer and granted the writ; and upon appeal, the Court of Appeals sustained the judgment, modifying it in only one particular, not important to the decision in this case. This court granted certiorari. 269 U. S. 545.

The Government having expressly waived the point made below that mandamus will not lie, only two questions are presented for consideration here. One is the date from which, the other is the date to which, interest allowed on the refund should be computed. Since the certiorari was allowed, the second question has been decided by this court in *Girard Trust Company* v. *United States,* 270 U. S. 163. In that case we held that the date of allowance of the refund, and therefore the date to which interest should be computed under § 1019 of the Revenue Act of 1924, c. 234, 43 Stat. 253, 346, is the date on which the Commissioner signed the authorization to the Disbursing Clerk of the Treasury, directing him to pay the refund. The court below therefore correctly held that interest should be computed to that date, which was August 12, 1924, and that as this date was subsequent to the enactment of § 1019 of the Revenue Act of 1924, the allowance of interest must be in accordance with that

section, and not § 1324 of the Act of 1921, which had been repealed. Hence we are not concerned with the ruling of the Commissioner, applying the 1921 Act, that interest ran only from six months after filing of the claim for refund, because it was based on his erroneous conclusion as to the date when the refund was " allowed."

The question remaining for decision is, from what date interest on the refund is to be computed, under § 1019 of the Act of 1924, which provides:

" Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, . . . interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax . . . was paid to the date of the allowance of the refund, or in case of a credit, to the due date of the amount against which the credit is taken. . . ."

The respondents contend that as each of the quarterly instalments paid by the taxpayer was in excess of one-fourth of the proper amount of the tax for the year, interest allowed on the refund should have been computed, as the court below held, on the excess of each quarterly payment, from the date on which it was paid. But the Government argues that such an excess quarterly payment is not a " tax erroneously or illegally assessed or collected," within the meaning of § 1019, if, when it is made, any part of the proper tax for the year has not been paid; that such overpayment becomes a " tax erroneously or illegally assessed or collected," only when the amount paid, added to the previous quarterly payments, exceeds the whole tax due for the year. In support of this position, it relies on §§ 250 and 252 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, in force when the tax was paid. Section 250 (a) provides (p. 1082):

" That . . . the tax shall be paid in four install-

ments, each consisting of one-fourth of the total amount of the tax. . . .

" The tax may at the option of the taxpayer, be paid in a single payment instead of in installments . . ."

Subdivision (b) of § 250 provides (p. 1083):

"As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of the installments as recomputed, the excess so paid shall be credited against the subsequent installments; and if the amount already paid exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252."

Section 252 provides (p. 1085):

" That if, upon examination of any return of income made pursuant to this Act . . . it appears that an amount of income . . . tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits or excess profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer . . ."

By § 250(a) the payment of the whole tax in a single payment is expressly made optional with the taxpayer, and any payment in excess of the correct amount of a quarterly instalment is by § 250(b) to be treated as a payment on account of the whole tax. It is clear that a taxpayer who, anticipating the required quarterly instalments, pays the entire tax in one payment, is not entitled to interest or a discount, on the anticipated instalments, as upon a " tax erroneously or illegally assessed or collected " under § 1019 of the Act of 1924.

We think that, under any reasonable interpretation of § 1019, the payment of a lesser amount which is in excess of the required quarterly instalments must stand on the same footing. Under §§ 250 and 252 of the Act of 1918, there is no provision for a refund to the taxpayer of any excess payment of a quarterly ' instalment, when the whole tax for the year has not been paid. Read together, these sections show that the mere overpayment of an instalment is treated as a payment on account of the tax which is assessed for that year, and is not a " tax errone-ously or illegally assessed or collected," within the mean-ing of the refund provisions of § 1019 of the Act of 1924, and so is not subject to its provisions regulating the al-lowance of interest. Payments in excess of the total amount of the tax, then and subsequently made, are sub-ject to refund or credit under the provisions of § 1019, and interest must be allowed on them at the rate of 6 per cent., from the date of payment.

The provision of § 1019 that " in case of a credit " interest is to be allowed " to the due date of the amount against which the credit is taken," relates to a credit properly allowed of a " tax erroneously or illegally as-sessed or collected," and has no application to excess pay-ments of quarterly instalments which the Government was entitled to treat as an advance payment of later in-stalments, under the provisions of § 250.

The judgment below was erroneous, insofar as it al-lowed interest on payments made prior to September 27, 1920, on which date the total amount of the instalments paid first exceeded the total amount of tax due, by the sum of $12,815.62. Interest should have been allowed on that amount from that date, and on the full amount of the fourth instalment from December 13, 1920, when it was paid.

*Judgment reversed, with costs to the respondents.*