### SUHR v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. March 9, 1927.)

No. 3533.

1. Internal revenue ⚫⟹38(1)—That taxpayer is entitled to refund does not authorize him to resort to courts, if he owes other taxes for that year (Revenue Act 1921, § 252 [Comp. St. § 6336⅛uu]).

Under Revenue Act 1921, § 252 (Comp. St. § 6336⅛uu), fact that taxpayer is entitled to a refund of income tax on stock dividends does not give him authority to resort to the courts, if he owes government any taxes for that year; but he is simply entitled to have overpayment credited against his other tax liability.

2. Internal revenue ⚫⟹38(8)—Pending taxpayer's appeal to Board of Tax Appeals, court had no jurisdiction, and his action for refund was premature (Revenue Act 1921, § 252 [Comp. St. §§ 6338⅛uu]; Revenue Act 1926, §§ 274, 284e, 1101[a]).

Under Revenue Act 1926, §§ 284(e), 1101 (a), 44 Stat. 67, 109, Revenue Act 1921, § 252 (Comp. St. § 6336⅛uu), pending taxpayer's appeal under Revenue Act 1926, § 274 (44 Stat. 55), to Board of Tax Appeals from decision of Commissioner, allowing claim for refund, but asserting an additional tax liability which exceeded amount of refund, District Court *held* without jurisdiction to pass on taxpayer's liability, and his action for refund was premature.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by Charles L. Suhr against the United States. Judgment for defendant (14 F.[2d] 227), and plaintiff brings error. Affirmed.

James Walton, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (Floyd F. Toomey and A. W. Gregg, both of Washington, D. C., of counsel), for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This case was brought here on writ of error of plaintiff to review an action at law for the recovery of income tax paid to the United States for the calendar year 1917. In his return for that year the plaintiff included his stock dividends. When the Supreme Court decided that they were not taxable, he filed a claim for refund of $3,500. Thereupon the Commissioner of Internal Revenue ordered an examination of the plaintiff's books and accounts. This was made, and the Field Agent's report was re-audited by the Commissioner of Internal Revenue in Washington, and as a result an additional tax of $11,290.89 was "proposed," but after some negotiations the Commissioner determined that after giving plaintiff credit for the stock dividends in question he was indebted to the United States on his tax for that year in the sum of $9,957.68. This the plaintiff refused to pay, and appealed to the United States Board of Tax Appeals at Washington, averring that "no part of the alleged additional tax was due, but that he had in fact already overpaid his tax for the said year of 1917 to the extent of $986.22." This issue is now pending before that board.

Three weeks after the appeal was taken the plaintiff filed a complaint in the District Court on the same issue, and again alleged that "he had already overpaid his tax for the said year of 1917 in the amount of $986.22, and asked that that amount be awarded to him in a judgment." The defendant filed an affidavit of defense, raising questions of law to the effect that the court was without jurisdiction until after the determination of the appeal to the Board of Tax Appeals. The court held that, if the Board of Tax Appeals finds against the plaintiff, he may "bring suit for the recovery of such part as he may then allege to have been erroneously or illegally assessed or collected. Until that time arrives, this court is without jurisdiction to pass on the question of plaintiff's tax liability in the premises. The plaintiff cannot separate one item from his tax return, for which he is admittedly entitled to credit, and use that as a basis of conferring jurisdiction on this court to determine the total tax liability for the year."

Defendant contends that the suit in the District Court is an effort to have that court determine plaintiff's 1917 tax liability in advance of the determination by the administrative body created by law for that purpose. This is denied by the plaintiff. He says that he did not ask the court to determine his liability to pay the alleged additional tax of $9,957.68, but "what we did ask and what we now ask is that the court shall determine whether or not we have now already been required to pay $986.22 alleged tax, more and over and above plaintiff's true and correct liability." Whether or not plaintiff owes, or has overpaid, the government on his tax liability for that year, cannot be determined without considering the whole question—the entire tax liability, the amount paid, and the stock dividends. This the Commissioner says he did, and found that $9,987.69 is still due the government. These contentions between the parties constitute the issue which is now being determined by the Board of Tax Appeals. If the District Court settles the controversy, it must do exactly what that board has undertaken and is now doing.

[1, 2] In his petition, plaintiff says that the Commissioner's computation is erroneous in six particulars. That may or may not be true; but, whatever the fact is, it will be determined by the board to which plaintiff appealed. Any taxpayer may appeal to the Board of Tax Appeals, but he must do so before his tax is assessed or collected. Section 274 (a), Revenue Act of 1926 (44 Stat. 9, 55). If appeal has thus been made to the board, the tax not having been paid, the appellant may not also proceed in the courts, until the board has determined the question of deficiency. If that question is decided against him, he may then pay the deficiency, and sue in the District Court to recover, or he may appeal to the Circuit Court of Appeals. Section 1101 (a), Revenue Act of 1926 (44 Stat. 9, 109); Cheatham v. United States, 92 U. S. 85, 88, 23 L. Ed. 561; Revenue Act of 1926, § 284 (e), 44 Stat. 9, 67. The fact that plaintiff was entitled to a refund of the stock dividends did not give him authority to resort to the courts if he owed the Government any taxes for that year. He was simply entitled to have the overpayment credited against his other tax liability. Section 252 Revenue Act of 1921 (42 Stat. 227; Comp. St. §

6336⅛uu); Blair v. U. S. ex rel. Birkenstock, 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983.

None of the various tax acts provide for recourse to the courts by a taxpayer until he has failed to get relief from the proper administrative body or has paid all the taxes assessed against him. The payment of a part does not confer jurisdiction upon the courts. Blair v. U. S. ex rel. Birkenstock, supra. The fact that the plaintiff had paid what he thought was all his taxes before the questions of stock dividends and deficiency arose, does not confer upon him the right, after they had arisen and appeal had been taken to the board, to ignore the appeal and proceed to recover in the District Court, just as though he had paid the full amount demanded and there was no question about a deficiency still due from him. There is no provision for refund to the taxpayer of any excess payment of any installment or part of his tax, if the whole tax for the year has not been paid.

The institution of this suit was premature. It may be that there will be nothing for plaintiff to litigate when the Board of Tax Appeals decides the controversy. At least, the District Court at this time is without jurisdiction and the decree is affirmed.