**BOSTON BUICK CO. v. UNITED STATES.**

District Court, D. Massachusetts. July 5, 1928.

No. 3104.

1. **Internal revenue ⬦⟾38(15)—Interest on credit for overassessment of income and profit taxes must be computed under rule in force when credit is allowed.**

Interest on credit for overassessment of income and profit taxes must be computed according to rule in force at time of allowance of credit.

2. **Internal revenue ⬦⟾38(15)—For interest purposes, credit for overpayment of taxes was not allowed when schedule of overassessments was forwarded to collector.**

For purpose of determining what statute applied in computing interest, credit for overpayment of income and profit taxes, applied as against outstanding taxes for other years, was not allowed on date when schedule of overassessments was forwarded to collector by Commissioner of Internal Revenue.

3. **Internal revenue ⬦⟾38(15)—Where collector did not act on schedule of overassessments forwarded until after June 2, 1924, plaintiff could recover interest according to 1924 Act (Revenue Act 1924, § 1019 [26 USCA § 153]; Revenue Act 1921, § 1324 (a), Comp. St. § 6371⅘j).**

Where Commissioner of Internal Revenue, on March 14, 1924, determined there had been overassessment, and forwarded to collector a schedule of overassessments, but collector did not act until after June 2, the effective date of Revenue Act 1924 (43 Stat. 253), plaintiff was entitled to recover interest on overassessment of income and profit taxes paid for fiscal year 1918, and applied as credit against outstanding taxes for other years, in accordance with provisions of section 1019 (26 USCA § 153; Comp. St. § 6371⅝m), and not under Revenue Act 1921, § 1324 (a), Comp. St. § 6371⅘j.

At Law. Petition by the Boston Buick Company against the United States to recover interest on an overassessment of income and profit taxes paid for the fiscal year 1918 applied as a credit against outstanding taxes for other years. Judgment in accordance with opinion.

Charles W. Mulcahy, of Boston, Mass., for plaintiff.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This petition is brought to recover interest on an overassessment of income and profit taxes paid for the fiscal year 1918 and applied as a credit against outstanding taxes for other years.

The government has paid interest, computed according to section 1324 (a) of the Revenue Act of 1921 (Comp. St. § 6371⅘j).

The petitioner claims to be entitled to interest computed in accordance with the Revenue Act of 1924, § 1019 (26 USCA § 153; Comp. St. § 6371⅝m).

[1] It has recently been held that interest on refunds must be computed according to the rule in force at the time of the allowance of the refund. United States v. Magnolia Petroleum Co., 276 U. S. 160, 48 S. Ct. 236, 72 L. Ed. ——; Blair, Commissioner, v. U. S. ex rel. Birkenstock et al., 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983. That the same would hold true in the case of a claim for credit is obvious. I infer that the government up to this point draws no distinction between a refund and a credit, and if, as the defendant contends, the petitioner's credit was allowed within the meaning of the statute prior to June 2, 1924, the effective date of the 1924 Revenue Act (43 Stat. 253), the interest was correctly computed.

On the other hand, if the "allowance" of the credit was subsequent to that date, the act of 1924 establishes the rule then in force, and the petitioner would be entitled to recover interest on the credit, as provided in section 1019 of that act.

The question, therefore, is: When was the credit allowed?

The case was submitted on an agreed statement of facts. It appears that on March 14, 1924, the Commissioner of Internal Revenue determined that there had been an overassessment of $23,181.08, and forwarded to the collector of internal revenue at Boston a schedule of overassessments containing this item. This schedule carried instructions to the collector to immediately check the items against the accounts of the several taxpayers, and, "If any part of any such item is found to be an overpayment," to "examine all accounts of the taxpayer for other periods and apply the overpayment as a credit against the taxes due, if any, making the appropriate entries in" his accounts, the credits and any refundable balance to be entered by the collector in a subsidiary schedule, necessary copies of which were to be returned to the Commissioner of Internal Revenue.

These instructions were followed, and on July 11, 1924, the collector certified that he had checked the items in the schedule, and had determined the amount of overpayments, and had applied indicated amounts as credits on the taxpayers' accounts, and had determined net amounts refundable. On the same date the collector certified to the subsidiary schedule which, so far as it listed

items of refundable portions of overassessments, was approved on July 31, 1924, by the Deputy Commissioner of Internal Revenue.

If we were dealing with a refund, there could be no question raised as to the date of the allowance. It would be July 31, 1924, the date when the refund was approved for payment by the disbursing officer. Girard Trust Co. et al. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524. But in the case at bar there was no refund, and the government contends that, notwithstanding Girard Trust Co. v. United States, the date of the allowance of a credit is the date under which the Commissioner transmits to the collector a schedule of overassessments.

In the Girard Trust Company Case, the overassessment was applied in part as an abatement, in part as a credit, and the balance as a refund. The court considers only the taxpayer's right to interest on the refund. The amount of the credit was relatively inconsequential. Apparently the trust company made no claim to interest on the credit. It was there held that neither the date of payment of the amount refunded, nor the date when the Commissioner of Internal Revenue first decided that there had been an overassessment and sent his decision to the collector of internal revenue, was the date of allowance intended by the statute. The real date of allowance was the time when the exact amount of the refund was finally fixed by competent authorities. Until that time, no one had authority to pay.

There are possible grounds for distinguishing between a refund and a credit. It will be noted that the collector, without further action on the part of the Commissioner, was authorized to enter upon the petitioner's account a credit against outstanding taxes due from it. His authority to record this credit was contained in the schedule of overassessments. However, I think, in view of Girard Trust Company v. United States, supra, it can be taken as settled that the transmission of the schedule of overassessments does not constitute an allowance of either a credit or a refund. A ministerial act of another administrative officer is necessary before it can be determined that there will be any credit, or before the exact amount of it can be ascertained. In the case at bar, the first administrative act of the collector, with reference to the petitioner's credit, was to ascertain that there had been an overpayment of the tax for the fiscal year 1918, and to apply that overpayment to reduce outstanding taxes due for other years. Until then, to borrow from the language of the Chief Justice in the Girard Trust Company Case, the exact amount of the credit was "not fixed finally by competent authority."

[2] Inasmuch as the sole controversy is whether the Revenue Act of 1921 or that of 1924 applies, it is not necessary to decide whether interest should run to July 11, the date of the credit, or to July 31, the date of the approval by the Deputy Commissioner. In either case the date is subsequent to June 2, 1924. For the purpose of this case, it is sufficient to decide that the credit was not allowed on March 14, 1924, when the schedule of overassessments was forwarded to the collector at Boston. The agreed statement of facts shows plainly that he did not act until after June 2. Either date, July 11 or July 31, could be adopted, without encountering the administrative complications pointed out by the court in the Girard Trust Company Case, in rejecting the date of payment as the date of allowance.

I confess that I am somewhat moved to my conclusion by the feeling that the results are in harmony with the purposes and intent of Congress to fairly recompense taxpayers who have been deprived of the use of their money by illegal exactions of the government, as that intent and purpose is reflected in the later act of 1924.

[3] I find nothing of compelling force in the arguments advanced by the government in support of its contention that the credit was allowed when the Commissioner first reported to the collector an overassessment.

I find and rule, therefore, that the plaintiff is entitled to recover interest computed in accordance with the provisions of section 1019 of the Revenue Act of 1924.