## WEST LEECHBURG STEEL CO. v. UNITED STATES.

No. H–203.

Court of Claims.

April 7, 1930.

John Enrietto, of Washington, D. C. (Charles D. Hamel and R. S. Doyle, and Hopkins, Starr, Hopkins & Hamel, all of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C. (Herman J. Galloway, Asst. Atty. Gen., and Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

134

LITTLETON, Judge.

The question is whether, for the purpose of the interest provisions, the credit of the overpayment for 1918 against the deficiency for 1917 "was taken" while the Revenue Act of 1924 (43 Stat. 253) was in force or after the 1926 act (44 Stat. 9) became effective.

Section 1019 of the Revenue Act of 1924 (26 USCA § 153 note) provided that upon the allowance of a credit interest should be paid on the amount of such credit at the rate of 6 per cent. per annum from the date of the overpayment of the amount used as a credit to the due date of the amount against which the credit is taken, but that if the amount against which the credit is taken is an additional assessment, then to the date of the assessment of that amount.

The deficiency for the fiscal year 1917, against which a portion of the overpayment for 1918 was credited, was an additional assessment, and if the amount of $97,448.17 was a "credit taken" prior to February 26, 1926, the effective date of section 1116 of the Revenue Act of 1926 (26 USCA § 53 note) plaintiff is entitled to recover interest on the amount used as a credit from the dates of the overpayments so credited to November 21, 1925, the date of the assessment of the additional tax for the fiscal year 1917.

The plaintiff insists that the credit here in question was taken on December 15, 1925, when the collector of internal revenue, having made appropriate entries in his account, signed the certificate on the schedule of overassessments to be returned to the Commissioner of Internal Revenue.

The defendant takes the position that the credit was taken when plaintiff received from the Commissioner of Internal Revenue the certificate of overassessment advising it of the amount credited and the amount to be refunded, together with refund checks, and that, since the certificate of overassessment and the refund checks were mailed to the plaintiff on March 9, 1926, the provisions of subdivision (c) of section 1116 of the Revenue Act of 1916 make that section applicable, and no interest is payable upon the overpayment for 1918 used as a credit against the deficiency for 1917, since the additional tax for 1917 was due prior to the date on which the tax for 1918 was overpaid.

Section 1116(a) of the Revenue Act of 1926 (26 USCA § 153 note) provides that upon the allowance of a credit, interest shall be allowed and paid on the amount of such credit at the rate of 6 per cent. per annum from the date the tax was paid to the due date of the amount against which the credit is taken, but that if the amount against which the credit is taken is an additional assessment made under the Revenue Acts of 1921, 1924, or 1926, then to the date of the assessment of that amount. Paragraph 2, subdivision (a), of section 1116 provided that "the term 'date of the allowance of the refund' means, in the case of any income, war-profits, or excess-profits tax, the first date on which the Commissioner signs the schedule of overassessments in respect thereof." Subdivision (c) of section 1116 provides that "this section shall be applicable to any refund paid, and to any credit taken, on or after the date of the enactment of this act, even though such refund or credit was allowed prior to such date." 26 USCA § 153 note.

We think a credit is taken within the meaning of the statutes when the Commissioner approves the schedule of refunds and credits certified to him by the collector of internal revenue. Until then the Commissioner has not definitely and finally decided whether any portion of the overassessment shown on the schedule of overassessments is an overpayment or that there should be an abatement or refund made or a credit taken. The determination that there is an overpayment, the decision that a credit should be taken, the determination of the amount, if any, to be refunded and the payment thereof, and the act of abating that portion of the assessment that has not been paid must of necessity occur after the Commissioner has determined that there has been an overassessment of tax. The statute is mandatory in its requirements that when an overpayment has been determined, all or a portion thereof must be credited against any tax then due (sections 272 and 281 of the Revenue Act of 1924 (26 USCA §§ 1046, 1065 note) and 272 and 284 of the Revenue Act of 1926 (26 USCA §§ 1046, 1065). The duty of finally deciding that there has been an overpayment is upon the Commissioner and he cannot delegate it. A credit cannot be taken until the Commissioner has decided that there has been an overpayment that may be used as a credit. Under the 1924 act he determined an overpayment when he approved the schedule certified to him by the collector containing entries showing the payments made by the taxpayer for the year or years for which overassessments had been determined, and any amounts due by the taxpayer for any other year, together with amount of the overpayment, if any, for any year that should be credited against an amount due and unpaid for another year. It seems obvious therefore

that a credit is taken when the Commissioner approves this schedule.

In Girard Trust Co. et al. v. United States, 270 U. S. 163, 46 S. Ct. 229, 232, 70 L. Ed. 524, the court said "The Commissioner of Internal Revenue is the final judge in the administrative branch of the Government to decide that an overassessment has been made and that a refund or credit should be granted, and when he has made that decision finally, he has allowed the claim for the refund or credit of the taxes paid within the meaning of the section." The court then rejected the government's contention that a credit or refund was allowed under the Revenue Act of 1921 when the Commissioner decided that there had been an overassessment and signed and forwarded to the collector certificates of overassessments with instructions to examine his accounts and report back the amounts, if any, that should be credited or refunded. On this point the court said: "We cannot concur, however, in the view of the Treasury Department that the date of the allowance of the claim as intended by the statute is the date when the Commissioner first decides that there has been an overassessment and sends upon a proper form his decision to the collector of internal revenue, who made the collection and keeps the account with the taxpayer."

We think it is clear that the Commissioner must finally act before a credit is taken. The nature of a credit is not essentially different from a refund except when a credit is taken nothing further remains to be done, and there is no reason for holding that under section 1019 of the Revenue Act of 1924 (26 USCA § 153 note) a credit was taken on a date different from the allowance of a refund under the statute and the decision of the court in Girard Trust Co. et al. v. United States, supra. Since no one but the Commissioner has authority to allow a refund or credit, his decision that there has been an overassessment, his signing of the schedule of overassessments and forwarding it to the collector for his report as to the amounts, if any, that should be credited or refunded, cannot constitute an allowance until some further action by the Commissioner. As to this, the court, in the case of Girard Trust Company said: "The findings and the exhibits show that the course of business is that the collector on receiving from the Commissioner the schedule as to the overassessment, examines his books and reports back to the bureau the amount which should be credited on taxes due and the amount to be refunded, that this is examined by the Assistant Commissioner and then is delivered to the Commissioner, who makes it effective by his approval. Until it reaches him and is approved by him, the refund cannot be paid. This we think is the real date of allowance." While the controversy in Girard Trust Company Case was with reference to refunds, the court expressly places credits on the same footing as refunds for the purpose of determining the date of allowance and lays down the rule that the Commissioner "has allowed the claim for the refund or credit" not when he "first decides that there has been an overassessment and sends upon a proper form his decision to the collector of internal revenue" but only after the collector "examines his books and reports back to the bureau the amount which should be credited on taxes due and the amount to be refunded," and the Commissioner "by his approval" makes that report effective.

The defendant contends that since only a refund was involved in Girard Trust Co. et al., supra, the opinion of the court cannot be taken as authority for the proposition that a credit is allowed or taken on the same date that refund is allowed. We think the court definitely decided the question, but even had the court not mentioned credits in its opinion as to the real date of the allowance under the statute, we think this would have followed, because credits of overpayments for one year against a tax due for another year is simply one method of making a refund. Authority to allow credits and refunds is vested by law in the Commissioner, Girard Trust Co. et al. v. United States, supra, and, being of a judicial nature, United States v. Kaufman, 96 U. S. 567, 24 L. Ed. 792; United States v. Savings Bank, 104 U. S. 728, 26 L. Ed. 908; and United States v. Louisville, 169 U. S. 249, 18 S. Ct. 358, 42 L. Ed. 735, cannot be delegated; The Floyd Acceptances, 7 Wall. 667, 19 L. Ed. 169; Martin v. Mott, 12 Wheat. 19, 6 L. Ed. 537; Runkle v. United States, 122 U. S. 543, 7 S. Ct. 1141, 30 L. Ed. 1167.

The defendant insists that its contention here that a credit is taken when the plaintiff receives the certificate of overassessments advising it of the amount credited and the amount refunded, together with refund checks, is in accordance with the uniform practice of the Treasury Department, but this is not the case. Article 1040, Reg. 62, provided that "A claim for refund or credit is allowed within the meaning of the statute when the commissioner approves the schedule in whole or in part for transmission to

the proper accounting officer, for credit or refund." Article 1371, Reg. 65, contained the same provision. See also, Law Opinion 1106, C. B. I-2, page 221. In Blair v. United States ex rel. Birkenstock, 55 App. D. C. 376, 6 F.(2d) 679, affirmed 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983, the Commissioner took the position that a credit was allowed by the same action that constituted an allowance of a refund. In Boston Buick Co. v. United States (D. C.) 27 F.(2d) 395, the government insisted that a credit was allowed under section 1019 of the Revenue Act of 1924 when the Commissioner signed the schedule of overassessments for transmission to the collector of internal revenue. The District Court rejected this view, and the decision was affirmed in United States v. Boston Buick Co. (C. C. A.) 35 F.(2d) 560. In this case the Commissioner signed the schedule of overassessments for transmission to the collector prior to the passage of the Revenue Act of 1924 by finally approving them after return for certification by the collector on July 11, 1924, after the Revenue Act of 1924 became effective. The government was endeavoring to have the interest provision of section 1324 of the Revenue Act of 1921 applied.

In Swift & Co. v. United States, 68 Ct. Cl. 97, the defendant contended that credit was allowed under the Revenue Act of 1921 when the Commissioner signed the schedule of overassessments for transmission to the collector. This court rejected the government's contention. It held that the credit was allowed when the Commissioner approved the schedule of refunds and credits certified to him by the collector.

Sections 1019 of the Revenue Act of 1924 and 1116 of the Revenue Act of 1926 (26 USCA § 153 note) definitely fix the period during which interest should be paid in the case of a credit, and the date of final allowance of the credit under either of the acts is unimportant so far as the computation of interest is concerned. Neither the Revenue Act of 1924 nor the Revenue Act of 1926 defines the words "credit taken" and, for the reasons stated, we find no justification for holding that, as contended by the defendant, a credit is not taken until the taxpayer receives the certificates of overassessments and the refund checks. The court is of opinion that the credit involved in this case was taken prior to the enactment of the Revenue Act of 1926. The provisions of section 1019 of the Revenue Act of 1924 therefore apply, and the plaintiff is entitled to judgment for interest upon the amount of overpayments made for the fiscal year 1918 credited against the additional assessment for the fiscal year 1917 to November 21, 1925, the date of the assessment of the additional tax for the fiscal year 1917. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.