## POTTSTOWN IRON CO. v. UNITED STATES.
### No. H–229.

Court of Claims.
April 7, 1930.

LITTLETON, Judge.

Under section 1019 of the Revenue Act of 1924, 43 Stat. 253, 346 (26 USCA § 153 note) interest on credits against additional assessments was payable from the date of overpayment to the date of the assessment of the additional tax against which credit was applied. The plaintiff contends that this case falls within the provisions of this section.

Section 1116 of the Revenue Act of 1926, 44 Stat. 9, 119, section 153 note, tit. 26, US CA, changed the situation with reference to the payment of interest upon credits, Riverside & Dan River Cotton Mills, Inc., v. United States (Ct. Cl.) 37 F.(2d) 965, decided February 10, 1930, and, with respect to overpayments and additional assessments for years prior to 1921, provided for the payment of interest upon overpayments applied as credits only to the date on which the additional tax should have been paid. By subdivision (c) the provisions of that act were made applicable to any credit taken after the enactment of the Revenue Act of 1926. The defendant contends that the credits with which we are here concerned were taken subsequent to February 26, 1926.

The court is of opinion that the credit of a portion of the overpayment for 1918 against the deficiencies for 1916 and 1917 was taken and made effective within the meaning of the statutes, on April 15, 1926, when the Commissioner signed and approved the schedule of refunds and credits theretofore certified to him by the collector of internal revenue, authorizing the disbursing clerk of the Treasury Department to issue checks in accordance with such schedule, and that the defendant, therefore, correctly refused to pay interest upon that portion of the overpayment for 1918 credited against the deficiencies for prior years. The assessment of the additional tax for 1916 and 1917 was not made under any of the revenue acts mentioned in section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), and, since the due date of the tax for 1916 and 1917 was prior to the date of the overpayment for 1918, no interest is allowable. Riverside & Dan River Cotton Mills, Inc., v. United States, supra; West Leechburg Steel Company v. United States (Ct. Cl.) 40 F.(2d) 131; and Atlas Powder Company v. United States (Ct. Cl.) 40 F.(2d) 136, decided this date.

The fact that the plaintiff on February 23, 1926, wrote a letter to the collector of internal revenue with reference to the crediting of any overpayments against the additional

Paul E. Myers, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GRAHAM, and GREEN, Judges.

assessments to which it had agreed, and the acknowledgment of the receipt of such letter by the collector, does not change the situation.. The statute does not make the taking of a credit dependent upon advice from the taxpayer to the collector, nor does the statute suspend the effective date of a credit until the taxpayer has received the checks for the refund of tax together with interest, if any, and the certificates of overassessments from the Commissioner through the collector.

In these cases involving interest upon credits, the defendant argues that when the Commissioner signs the schedule of refunds and credits he only authorizes the disbursing clerk to pay the amount of tax shown to be refundable and the interest upon any refund or credit, and that this cannot be regarded as the taking of a credit. We think by this action the Commissioner does more than merely authorize the payment of the refund and the interest. He approves the report of the collector, finally determines that there has been an overpayment, and makes effective a credit of that overpayment against the additional tax for another year.

When the collector receives from the Commissioner a schedule of overassessments and an assessment of an additional tax, and finds upon examination of his records that the assessment is an overpayment and exactly equals the additional assessment for another year, leaving no amount to be shown as refundable, he nevertheless makes appropriate entries in the schedule of overassessments, form 7805, prepares the subsidiary schedule of credits, form 7805-A, embodying his report, and also prepares his record of assessments and payments, each of which he certifies and returns to the Commissioner, together with certificates of overassessments forwarded to him by the Commissioner with the schedule of overassessments. Upon the receipt of these documents from the collector the Commissioner, if he finds that any interest is payable upon the credit, has a check issued for the amount thereof which is forwarded to the collector, together with these certificates of overassessment to be mailed to the taxpayer. If the Commissioner determines that an overpayment to be credited is one that bears no interest under the statute, he forwards the certificates of overassessment to the collector with instructions that he mail them to the taxpayer. Whether the Commissioner, in such a case, signs the schedule certified to him by the collector or not, the credit is taken and made effective by whatever action the Commissioner takes in approving the report of the collector. It is

stipulated that in cases of this kind the certificates of overassessment received from the collector with his reports are returned by the Commissioner to the collector for mailing to the taxpayer. The date on which this is done, if the Commissioner does not formally sign the schedule, would constitute the Commissioner's approval of the report of the collector and would make effective the credit of the overpayment against the additional assessment.

The plaintiff is not entitled to recover, and the petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

GRAHAM, Judge, concurs in view of the previous decisions of the court.