REVOLUTION COTTON MILLS v. UNITED
STATES.

No. F-152.

Court of Claims.
June 16, 1930.

Ferdinand Tannenbaum, of New York City (Mark Eisner, of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

The question in this case is whether the allowance of interest upon the overpayment for 1920, applied as a credit against the additional assessments for 1917, 1918, and 1919, is governed by the provisions of section 1324 of the Revenue Act of 1921 or by section 1019 of the Revenue Act of 1924, and this issue turns upon the question whether a credit is allowed within the meaning of these acts when the Commissioner signs the schedule of overassessments for transmission to the collector or when the collector returns the schedule of overassessments and the schedule of refunds and credits and the same are approved by the Bureau of Internal Revenue.

The Commissioner held, and the defendant here contends, that the credit here involved was allowed on April 9, 1924, when the Commissioner first signed the schedule of overassessments for transmission to the collector, and that, since no claim for credit was filed by the plaintiff or allowed by the Commissioner, it is not entitled to interest under section 1324(a) of the Revenue Act of 1921.

Plaintiff contends that a credit, like a refund, is allowed when the proper executive officer of the Bureau of Internal Revenue approves the certificate of the collector showing the amount of the credit; that a credit cannot be allowed until after the collector checks his list and certifies the amount of the credit to the Commissioner of Internal Revenue.

We are of opinion that plaintiff is correct, and that it is entitled to recover the interest claimed computed under the provisions of section 1019 of the Revenue Act of 1924. This question has been before this and other courts a number of times, and it has been consistently held that a credit is not allowed when the Commissioner signs the schedule of overassessments for transmission to the collector. Swift & Co. v. United States, 68 Ct. Cl. 97; West Leechburg Steel Co. v. United States, 40 F.(2d) 131; Atlas Powder Co. v. United States, 40 F.(2d) 136, and Pottstown Iron Co. v. United States, 40 F.(2d) 142, 145, decided by this court April 7, 1930, and United States v. Boston Buick Co. (C. C. A.) 35 F.(2d) 560.

Some point is made by the defendant in this case of the fact that the Commissioner of Internal Revenue did not sign the schedule of refunds and credits certified by the collector on June 19, 1924, but we think this is unimportant. It is shown that, under the practice of the Bureau of Internal Revenue in respect of refunds and credits, the collector is required to certify the schedules to the Commissioner, and they are examined and checked by the Bureau and approved by the Deputy Commissioner of Internal Revenue, who acts for the Commissioner in this respect, and, if there appears to be no amount to be refunded, as was true in the case of this taxpayer, the schedules are not signed by the Commissioner, but are filed in the appropriate place as a part of the permanent records of the Bureau. In Pottstown Iron Co. v. United States, decided by this court April 7, 1930, this court said:

"Upon the receipt of these documents [schedule of overassessments and certificates of refunds and credits] from the collector the Commissioner, if he finds that any interest is payable upon the credit, has a check issued for the amount thereof which is forwarded to the collector, together with the certificates of overassessment to be mailed to the taxpayer. If the Commissioner determines that an overpayment to be credited is one that bears no interest under the statute, he forwards the certificates of overassessment to the collector with instructions that he mail them to the taxpayer. Whether the Commissioner, in such a case, signs the schedule certified to him by the collector or not, the credit is taken and made effective by whatever action the Commissioner takes in approving the report of the collector. It is stipulated that in cases of this kind the certificates of overassessment received from the collector with his reports are returned by the Commissioner to the collector for mailing to the taxpayer. The date on which this is done, if the Commissioner does not formally sign the schedule, would constitute the Commissioner's approval of the report of the collector and would make ef-

fective the credit of the overpayment against the additional assessment."

In this case the facts establish that the credit was finally allowed on June 30, 1924. The plaintiff is entitled to recover the amount of $33,470 as interest on the overpayment for 1920 computed under the provisions of section 1019 of the Revenue Act of 1924, and judgment in its favor will be entered for that amount. It is so ordered.

This case was tried before the appointment of WHALEY, Judge. He therefore took no part in its decision.