## BOYD v. UNITED STATES.
### No. J-625.

Court of Claims.
Feb. 16, 1931.

Albert A. Jones, of Washington, D. C. (Hatch & Reed, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. L. Bergeron, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The evidence shows that an overassessment against plaintiff for the year 1919 was credited in part upon a deficiency assessed

against the plaintiff for 1918. A schedule showing that plaintiff had been overassessed $10,329.04 for the year 1919 was approved by the Commissioner on January 29, 1926. Plaintiff paid the tax for 1919 on December 16, 1920, and brings this suit alleging that he is entitled to interest on the credit applied upon his 1918 taxes from the date when the 1919 taxes were paid up to the date when the Commissioner approved the schedule of overassessment.

The case is similar to that of West Leechburg Steel Co. v. United States, 69 Ct. Cl. 461, cited and relied upon in Pottstown Iron Co. v. United States, 69 Ct. Cl. 427, 433, affirmed by the Supreme Court in 282 U. S. 479, 51 S. Ct. 205, 75 L. Ed. —— (February 2, 1931). As in the West Leechburg Steel Co. Case, supra, the question is whether the claim for interest is governed by the 1924 Revenue Act or that of 1926. In the case last cited the plaintiff insisted that the credit was taken "when the collector of internal revenue, having made appropriate entries in his account, signed the certificate on the schedule of overassessments to be returned to the Commissioner of Internal Revenue." The plaintiff in the case at bar takes the position that, as the certificate of overassessment was signed by the Commissioner on January 29, 1926, which was prior to the enactment of the 1926 Revenue Act (44 Stat. 9), the 1924 act (43 Stat. 253) is controlling. The defendant, on the other hand, contends that this date is not controlling, and that the question of which statute applies is determined by the date when the credit was taken, which defendant says in argument was not "until the receipt by the plaintiff of the certificates of overassessment and the accompanying check." But in both the West Leechburg Steel Co. Case, supra, and the Pottstown Iron Co. Case, supra, it was held that the credit was taken on the date that the Commissioner approved the schedule of refunds and credits.

Following the decisions in the two cases last cited, we hold that in the case at bar the question of the allowance of interest is governed by section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), which provided in part: "Upon the allowance of a credit * * * interest shall be allowed and paid * * * to the due date of the amount against which the *credit is taken,* but if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act, * * * then to the date of the assessment of that amount." (Italics ours.)

This section was construed by this court in Riverside & Dan River Cotton Mills v. United States, 69 Ct. Cl. 70, and it was there held: " * * * That on an overpayment for any year prior to 1921 credited against a deficiency for any other year interest should be allowed from the date of the overpayment to the due date of the amount against which the credit is taken and that the words 'due date' used in the section mean the date fixed by the statute for the payment of the tax, or the several installments thereof; that is, that the due date of a tax is not changed because there is an additional assessment, that the due date here referred to is the same as that of the original assessment, * * * the date fixed by law for filing a calendar year return, or, if paid in installments, then the date provided for the payment of the installments."

As before stated, the overpayment was made December 16, 1920, which obviously was subsequent to the due date of the tax for 1918. It appears, therefore, that at the time when the overpayment was made the taxpayer was indebted to the government to the extent of the credit upon a tax past due. It is clear that under the decision in the Riverside & Dan River Cotton Mills Case, supra, the taxpayer is not entitled to interest on a credit applied on a tax which was already due when the credit was taken, when the case is governed by the 1926 Revenue Act.

It follows that the plaintiff's petition must be dismissed, and it is so ordered.