## W. G. DUNCAN COAL CO.
### v.
### GLENN.
#### Civ.A. No. 2215.

United States District Court,
D. Kentucky, Louisville Division.

July 16, 1952.

Duncan, Humphrey, Peabody & Oldham, Andrew W. Duncan, Louisville, Ky., for plaintiff.

Henry L. Spencer, Washington, D. C., Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for defendant.

MARTIN, Circuit Judge.

Upon the pleadings and the evidence adduced in the trial of this case to the Court on June 25, 1952, the Court makes the following findings of fact:

### I.

The plaintiff corporation filed its income and declared value excess profits tax return (Form 1120) and excess profits tax returns (Form 1121) for the fiscal years ended March 31, 1943 and March 31, 1944.

### II.

On March 27, 1947, the taxpayer filed a waiver-agreement consenting to the immediate assessment and collection of the following deficiencies in tax, with interest as provided by law:

| Year | Deficiency | |
|------|------------|---|
| 3–31–43 | $     934.70 | D.V.E.P. |
| 3–31–43 | 53,329.44 | E.P. |
| 3–31–44 | 110,477.04 | E.P. |

The above deficiencies in tax, plus assessed interest thereon, were assessed and collected pursuant to the waiver agreement filed. The only question at issue is whether the Commissioner of Internal Revenue correctly computed the assessed interest due on the deficiencies.

### III.

The Commissioner's computation of the assessed interest was made pursuant to the provisions of Section 292(a) of the Internal Revenue Code and is as follows:

| Year | Amount | | Period | Interest |
|------|--------|---|--------|----------|
| 3–31–43 | $   934.70 | D.V.E.P. | 6–15–43 to 4–26–47 | $   216.66 |
| 3–31–43 | 53,329.44 | E.P. | 6–15–43 to 4–26–47 | 12,362.20 |
| | | | Total | $12,578.86 |
| 3–31–44 | $110,477.04 | E.P. | 6–15–44 to 4–26–47 | $18,106.13 |

The assessed interest shown to be due in this computation of $12,578.86 for the fiscal year of 1943 and $18,106.13 for the fiscal year of 1944 were subject to certain adjustment, after the assessments were made, which resulted in the plaintiff-taxpayer owing assessed interest of $12,163.88 for the fiscal year 1943 and $14,320.13 for the fiscal year 1944.

IV.

The plaintiff's computation is set forth in the complaint filed herein and shows the assessed interest due on the deficiencies for the fiscal year 1943 to be $7,797.59 and the assessed interest due on the deficiency for the fiscal year 1944 to be $8,507.31.

V.

The plaintiff seeks to recover of defendant the difference $12,163.88—$7,797.59 or $4,366.29 for the fiscal year 1943 and $14,320.13—$8,507.31 or $5,812.82 for the fiscal year 1944, plus statutory interest on each amount. The plaintiff timely filed claims for refund of each of the amounts sought to be recovered. The claims for refund are disallowed in full by the Commissioner on September 28 and November 16, 1949, respectively, and this action was timely commenced on September 26, 1951, within two years after the disallowance.

VI.

The plaintiff's computation was introduced in evidence and the plaintiff and other witnesses testified that it correctly showed the amounts of assessed interest due for each of the fiscal years 1943 and 1944. The Commissioner's computation was also introduced in evidence and employees of the Bureau of Internal Revenue testified that it was made in accordance with the provisions of Section 292(a) of the Internal Revenue Code; that it was a correct computation; and correctly showed the true amounts of assessed interest due on the deficiencies for the fiscal years 1943 and 1944. The same witnesses testified that the plaintiff's computation was incorrect; was not made in accordance with law; and did not show the correct and true amount of assessed interest due on the deficiencies for either fiscal year 1943 or 1944.

Conclusions of Law

I.

The statute applicable to this case and to the computation of assessed interest on deficiencies in taxes is Section 292(a) of the Internal Revenue Code, Title 26, U.S.C.A. § 292(a). In the event the taxpayer files a waiver-agreement of restrictions under the provisions of Section 272(d) of the Internal Revenue Code, as was done in this case, the assessed interest on each deficiency shall be computed from the date the tax was due until the thirtieth day after the waiver-agreement was filed.

II.

The waiver of restrictions-agreement was filed in this case on March 27, 1947. It was proper to compute the interest on each deficiency from the date the tax was due until the thirtieth day after the waiver was filed or to April 26, 1947. The computation of the Commissioner of Internal Revenue filed in evidence as Exhibit (1) shows that the interest on each deficiency was computed from the date the tax was due to be paid until April 26, 1947. The result of this computation is that the taxpayer-plaintiff owed interest on the deficiencies for 1943 of $12,362.20 and also owed interest on the deficiency for 1944 of $18,106.13. These deficiencies were paid and satisfied by certain portions thereof being abated, refunded or credited or paid as shown in the Commissioner's computation.

III.

An analysis of the plaintiff's computation appears to show that income taxes imposed in Chapter 1 and excess-profits taxes imposed by Chapter 2 have been treated as one type of tax. Since the income taxes and the excess-profits taxes are separate and distinct types of taxes there appear to be no provisions of the Internal Revenue Code to warrant the plaintiff's treatment of the two types as one tax for the purpose of

**950**

computing interest. Interest was properly computed on the several amounts of excess-profits and declared value excess-profits tax deficiencies for each of the fiscal years 1943 and 1944, sought to be recovered. Interest was also computed and allowed on the overpayments of income taxes for the fiscal years 1943 and 1944 and were included in the over-assessment determined for the plaintiff. This is shown in the Commissioner's computations introduced in evidence as Exhibits Nos. (1) and (2).

### IV.

The plaintiff has had the full benefit of all deductions, subtractions and credits claimed in his computation, relating to income taxes for the years 1943 and 1944, in the Commissioner's computation of its over-payments of income taxes for those years and in determining for the plaintiff the following over-assessment, plus interest:

| Over-assessment | Interest |
| --- | --- |
| $21,044.51 | $3,955.50 |
| 50,188.98 | 6,589.71 |

### V.

The Commissioner of Internal Revenue properly computed the plaintiff's income taxes and determined for it the over-assessment to which it was entitled. The Commissioner also correctly computed the assessed interest on the deficiencies of excess-profits and declared value excess-profits taxes for the fiscal years 1943 and 1944 sought to be recovered in this action. These computations were correctly made under the various sections of the Internal Revenue Code, cited in the Commissioner's computations introduced in evidence, as Exhibits Nos. 1, 2 and 3 for the defendant. See Blair v. United States ex rel. Birkenstock, 271 U.S. 348 [46 S.Ct. 506, 70 L.Ed. 983]. The Commissioner correctly computed assessed and collected the interest sought to be recovered. The plaintiff's complaint is dismissed and the defendant is granted a judgment for costs.