**CENTRAL FIBRE PRODUCTS CO.
v. UNITED STATES.**

No. 50 C 1609.

United States District Court
N. D. Illinois, E. D.

May 28, 1953.

148

Edmund A. Spencer, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the Government.

LA BUY, District Judge.

The above cause has been submitted to the court on stipulated facts.

The taxpayer in the instant case pursuant to Section 1346(a) (1), 28 U.S.C., seeks to recover the amount of $3808.32 statutory interest which he alleges was erroneously assessed and collected on an excess profits tax which he paid for the year June 30, 1944.

The taxpayer filed its tax return for the taxable year 1944 and paid the sum of $952,782.82 in four equal installments on September, 1944, December 1944, March 1945 and June 1945. On July 15, 1947 the Collector determined that the taxpayer was entitled to an overassessment refund of $65,557.61 and this sum, together with interest of $8951.17 from June 15, 1945 to July 15, 1947 was paid to the taxpayer. Thereafter, on February 27, 1948 the Bureau determined that the taxpayer owed $987,735.25 for the same taxable year, or a deficiency of $100,510.04, which was paid together with interest in the amount of $19,577.47 from September 15, 1944, the date of the first quarterly installment to the date of the payment of the redetermined deficiency.

Section 292(a) of the Internal Revenue Code, 26 U.S.C.A. § 292(a), provides that where a tax is paid in installments, any subsequently determined deficiency shall be deemed to have become deficient for interest purposes from the date of the first quarterly installment due and payable; in the instant case September 1944. Section 3771 of the Internal Revenue Code, 26 U.S.C.A. § 3771, provides that interest on a refund shall be allowed from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days. The date of the overpayment where the tax is payable in installments is the last quarterly payment of the tax; in the instant case June 1945.

It is the contention of the taxpayer that the net effect of the double examination for the same tax year was a determination of a deficiency of $34,952.93, or the difference between the gross deficiency of $100,510.04 found due on February 27, 1948 and the $65,557.61 overassessment refund made on July 15, 1947; that the net interest charges assessed against the taxpayer was the difference between the sum of $8,951.17 which the taxpayer received on the overassessment refund and the $19,577.47 it paid on the determined deficiency, or the net sum of $10,526.30; that if the single net deficiency had been assessed on the date of final examination, the interest charges, including the interest on the refund, would only have been approximately $7500; that the excess interest charge of $3808.32 is the amount of interest for nine months from September 1944 to June 1945 on the $65,557.61 and is therefore caused by the double examination for the one taxable year and should be refunded to the taxpayer.

The issue is whether the overpayment interest provisions of Section 3771 of the Internal Revenue Code should be read into and interrelated with the deficiency interest provisions of Section 292(a) of the Internal Revenue Code in determining the correct deficiency interest liability of the instant taxpayer under Section 292(a). The taxpayer urges that the two sections should be read together since there is both an overpayment and a deficiency for the same taxable year and

a single transaction may not be broken into various elements in order to avoid or create a tax. The government opposes this argument stating that if Congress had desired to treat these two sections together it would have said so; that the interrelation of the two statutory sections which are separate, unambiguous and independent is for legislative consideration; and that the equities alluded to by the taxpayer must be weighed against the problems of administering the deficiency and overpayment interest provisions of the Code.

Only one reported case has been found wherein a similar issue was considered. In Babcock & Wilcox Co. v. Pedrick, D. C.N.Y., 1951, 98 F.Supp. 548, 551, Judge Holtzoff determined the problem as follows:

"The second question presented in this litigation involves the method of computing interest. The Commissioner's action resulted in an additional assessment of income taxes and a credit for an over-payment of excess profits taxes. The Commissioner imposed an interest charge on the first item and allowed a credit of interest on the second. The interest charged against the plaintiff is, however, greater than the amount allowed to him on the over-assessment. This result was due to the fact that interest on deficiencies is calculated from the date prescribed for the payment of the tax to the date of the assessment of the deficiency, or to the thirtieth day after the filing of a waiver, which was done in this case, Sec. 292(a); while interest allowed to the taxpayer on an over-assessment is calculated from the date of the over-payment to the date of the additional assessment against which the credit is taken, Sec. 3771(a). In this instance the difference between the two methods of computing interest resulted in a charge of interest against the plaintiff in a greater amount than that credited to him.

In this action the plaintiff also seeks to recover this excess.

"The Court is of the opinion that in respect to interest the plaintiff's position is well founded. Obviously, although the Commissioner's audit of the returns resulted in what is technically called 'an assessment of a deficiency' in respect to income taxes, and an allowance of over-payments in respect to excess profits taxes, in essence the Commissioner's action involved solely a re-distribution of the tax liability as between income tax and excess profits tax, since the aggregate amount of the taxes was not changed. Actually there is no deficiency and no over-payment, but merely a reallocation of items within the total amount of the taxes, which remains unchanged. No money changed hands. The Government was not deprived of the use of any money. To charge the taxpayer with additional interest under the circumstances is obviously unfair and unequitable. The Government does not dispute the fact that an injustice results from the application of the interest provisions in this situation, but suggests that the remedy is with the Congress. The Court disagrees. Tax laws are no exception to the principle that all statutes must receive a reasonable and sensible construction and one that does not lead to unjust or absurd results. 'The letter killeth, but the spirit giveth life'. The action of the Commissioner should be construed as not levying a deficiency or allowing a refund of an over-payment, but merely as an allocation of items within the aggregate tax liability. Under the circumstances no interest is payable to either party."

The court is of the opinion that the above reasoning should be applied in the instant case. It appears that while a credit was given for the interest the taxpayer received on the refund, the money it actually received was only to the date of

**150**

its last quarterly installment of June 1945. Included in the deficiency assessed was the sum of $65,000 on which the government collected interest from September 1944 to June 1945; thus interest is being collected for the nine-month period from September 1944 to June 1945 on the $65,000 which sum the taxpayer neither owed nor had at that time. This being an overassessment and a deficiency in a single taxable year, the court is of the opinion that the taxpayer should not be charged interest for a deficiency which includes the overassessment and should only be charged on the net deficiency as if only one examination of the return had been made.

The court adopts the stipulation of the parties as its Findings of Fact and the above memoranda as its Conclusions of Law. Counsel are requested to present an appropriate judgment order within thirty days from date hereof.