**STANDARD OIL COMPANY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 33668.**

United States District Court
N. D. Ohio, E. D.
May 8, 1959.

King Rosendale, McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, Ohio, for plaintiff.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Chas. K. Rice, Asst. Atty. Gen., for defendant.

JONES, District Judge.

This action is for refund of interest on tax deficiencies assessed for the year 1942 and was submitted on stipulated facts and briefs. The stipulation of facts will be adopted as findings of fact by the court, and, together with this memorandum, is considered compliance with Rule 52(a), 28 U.S.C.A.

The essential facts are as follows: Plaintiff filed its income tax return for the year 1942 on March 15, 1943, showing income taxes in the amount of $1,714,266.99 and excess profits taxes in the amount of $5,610,-750.72. Both the sums were paid in quarterly installments in March, June, September and December, 1943, pursuant to 26 U.S.C., 1952 ed. Section 56. In March, 1946, plaintiff filed, pursuant to 1939 Code Section 124(k), 26 U.S.C.A. § 124(k), an application for excess profits tax "tentative amortization allowance" for the year 1942. This application was granted and a refund in the amount of $124,556.70 was paid, together with interest from December 16, 1943 (26 U.S. C., 1952 ed. § 3771), in the amount of $18,111.74. Later, upon audit of the 1942 return, it was determined that the tentative amortization allowance was excessive in the full amount of $124,556.70 and that the excess profits tax was understated in the amount of $134,196.77. In effect (the real situation is more complicated) a deficiency was assessed and collected on these amounts together with interest from March 15, 1943 (26 U.S.C. 1952 ed. § 272(a)). This had the apparent result of refunding the $124,556.-70 with interest from December, then taking it back with interest from the previous March, a windfall to the Government of $5,625.53, for which sum plaintiff seeks judgment in Count I of its complaint.

Plaintiff relies heavily upon the case of Central Fibre Products Co. v. United States, D.C., 1953, 115 F.Supp. 147, which held that the above result could not have been intended by Congress, and allowed refund of the interest solely upon equitable principles, saying it was otherwise an unfair result. However equitable this holding my seem, I find myself unable to adopt it in the face of the language of Section 292 of the 1939 Code, 26 U.S.C.A. § 292; and offer what may constitute another supporting reason. Ordinarily, taxes for a given year are due and payable in March (now April) of the year following the taxable year (or four months after the end of a fiscal year other than the calendar year). For example, an individual taxpayer would have paid his 1942 income tax in full when due in March, 1943. But a corporate taxpayer, because of Section 56 of the 1939 Code, could pay its 1942 taxes

in March, June, September and December, 1943, as plaintiff did here. In other words this unfair result would not have occurred if plaintiff had not elected to avail itself of the privilege of paying taxes in full nine months later than an individual taxpayer, without penalty of interest for the later payment. Our individual taxpayer in this identical situation would have paid his final installment in March, 1943, and thus would have received interest on his refund to that date (the date of the overpayment —§ 3771). When the refund was later found to be incorrect he would have been assessed interest from that same date, since that was also the date the tax was due (§ 292). This comparison eliminates the claim that the operation of the statute was so inequitable as to require the court to ignore the plain provisions of the Code.

On the other hand, an application for tentative amortization allowance must be granted by the Commissioner unless he discovers "material omissions or errors of computation." Reg. 11, § 29.124–10, 1946–1 C.B. 103; that is, if taxpayer makes proper application, the allowance will be granted, subject to later audit. It may well be that Congress intended the interest to be unequal where the taxpayer was not entitled to the allowance, as a deterrent.

26 U.S.C., 1952 ed. § 271(a) provides that a deficiency is defined as:

"(a) the amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the taxpayer on his return; but the amount so shown on the return shall first be increased by the amounts previously assessed * * * as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax * * *"

The application for a tentative allowance does not constitute a claim for credit or refund [§ 124(k)], so it follows that the granting of the allowance would not constitute a credit or refund. It seems impossible to avoid the effect of the words "or otherwise repaid in respect of such tax." Certainly the sum was "repaid" and certainly it was repaid "in respect of such tax".

Accordingly, the claim for refund in Count I must be denied.

■ In Count II the same difficulty with interest arises for a different reason. It was determined that income taxes for 1942 were overpaid in the amount of $42,736.67, and interest on this sum was computed from December 16, 1943. But at the same time it was determined that excess profits taxes were understated in the amount of $134,196.77 (the same deficiency referred to in the discussion of Count I) and interest computed from March 15, 1943. Plaintiff claims that the $42,736.67 should have been subtracted from the $134,196.77 for a net deficiency before adding or computing interest, because the method used resulted in an additional nine months interest on $42,736.67, or an additional $1,933.10. On this issue the Government is supported by ample authority to the effect that ordinary income tax and excess profits tax are separate and distinct legal entities and sums cannot be reallocated between them as plaintiff suggests. See Babcock & Wilcox Co. v. Pedrick, 2 Cir., 1954, 212 F.2d 645; W. G. Duncan Coal Co. v. Glenn, D.C., 120 F. Supp. 948, 949 (before Circuit Judge Martin).

In accordance with the above authorities plaintiff's claim must be denied as to Count II.