### RIVERSIDE & DAN RIVER COTTON MILLS, Inc., v. UNITED STATES.
### No. H—2.

Court of Claims.
Feb. 10, 1930.

Thos. G. Haight, of Jersey City, N. J. (J. Marvin Haynes, of Washington, D. C., Malcolm K. Harris, of Danville, Va., R. E. Cabell, of Richmond, Va., and Robert H. Montgomery, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

Plaintiff seeks to recover $115,913.77 as interest on $391,402.47, overpayment of tax for 1920 which was applied as a credit against an additional tax for 1918 assessed on November 6, 1926. It contends that under section 1116 of the Revenue Act of 1926 the amount of $391,402.47 for 1918, against which a portion of the overpayment for 1920 was credited, was an additional assessment *made under* the 1926 act and that, therefore, interest should be computed from the date of the overpayment in December, 1921, to the

date of the additional assessment on November 6, 1926; that the clear and unmistakable language of section 1116 is that, when any overpayment is applied as a credit against an additional assessment made under the Revenue Act of 1926 (26 USCA § 153 note), interest shall be allowed on the amount so credited from date of payment to the date of the additional assessment. On the other hand, the defendant takes the position that under section 1116 (26 USCA § 153 note), interest on the overpayment for 1920 applied as a credit against the deficiency for 1918, which was assessed on November 6, 1926, can be computed only to the due date of the tax against which the credit is taken and not to the date of the additional assessment of the deficiency; that since the due date of the 1918 tax was prior to the overpayment used as a credit, no interest may be recovered. In support of this position the defendant insists that the words "additional assessment made under" used in section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) were intended to mean additional assessment made in conformity with the Revenue Act of 1921 and subsequent acts or an additional assessment of a tax imposed by those acts; that the words "due date" used in the section mean the original date fixed by law for the payment of tax and not the date on which the collector makes demand pursuant to additional assessment.

Section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), so far as material here, provides as follows:

"Upon the allowance of a credit or refund * * * interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, * * * was paid to the date of the allowance of the refund, or in the case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act * * * then to the date of the assessment of that amount.

"(b) As used in this section—

"(1) The term 'additional assessment' means a further assessment for a tax of the same character previously paid in part, and includes the assessment of a deficiency under Title II or Title III of the Revenue Act of 1924 or of this Act."

We think a proper construction of this section is that Congress intended in the case of a credit of an overpayment against an additional tax for 1921, or subsequent years, interest should be allowed from the date of payment of such tax to the date of the assessment of such additional amount; that on an overpayment for any year prior to 1921 credited against a deficiency for any other year interest should be allowed from the date of the overpayment to the due date of the amount against which the credit is taken, and that the words "due date" used in the section mean the date fixed by the statute for the payment of the tax, or the several installments thereof; that is, that the due date of a tax is not changed because there is an additional assessment, that the due date here referred to is the same as that of the original assessment, namely, March 15, 1919, the date fixed by law for filing of a calendar year return, or, if paid in installments, then the date provided for the payment of the installments. See Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; United States v. Chamberlin, 219 U. S. 250, 31 S. Ct. 155, 55 L. Ed. 204; Union Pacific R. R. Co. v. Bowers (D. C.) 21 F.(2d) 856, affirmed (C. C. A.) 24 F.(2d) 788. Generally speaking, the term "due date" means that an account will be paid at the time fixed for its payment. Tyson v. Reinecke, 25 Cal. App. 696, 145 P. 153. The various revenue acts definitely fixed the due date of the tax imposed by them. See sections 250, Revenue Acts of 1918 and 1921 (40 Stat. 1082, 42 Stat. 264), and sections 270, Revenue Acts of 1924 and 1926 (26 USCA §§ 1041–1044). In our opinion it was the date for payment provided in those acts to which Congress had reference when it used the words "due date" in section 1116 of the Revenue Act of 1926 (26 USCA § 153 note).

The Revenue Act of 1921, § 250 (b), 42 Stat. 265, was the first statute to require the payment by taxpayer of interest upon a deficiency assessment other than the usual interest required to be paid because of the filing of a claim for abatement or credit, for failure to pay after notice and demand, and for negligence. Such act provided for the payment of interest at the rate of ½ of 1 per centum per month on a deficiency from the time the tax was due, or, if paid in installments, from the time the installments were due to the date paid. Section 1324 (a) of the Revenue Act of 1921 (42 Stat. 316) provided for the payment of interest upon a refund or credit at the rate of ½ of 1 per centum per month. The Revenue Act of 1924, § 1019 (26 USCA § 153 note), provided for the payment of interest on all refunds and credits from the date the tax was paid to the date of the allowance of the refund, or, in the case of a credit, to the due date of the amount against which the credit was taken, and provided that, if the amount against which the credit was taken was an additional assessment, then to the date of the assessment of that amount. In section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) it was provided that, if the amount against which the credit was taken was an "additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act," then to the date of the assessment of that amount. By this change it seems manifest that it was intended to provide for the payment of interest upon the amount of a credit if taken against an additional assessment of a tax for the year 1921, or subsequent years, to the date of assessment of such additional tax, but, if the additional assessment was of a tax for a year prior to 1921, interest would be paid only from the date of the overpayment to the date on which the taxpayer should have paid the tax against which credit is applied. In other words, it was not the purpose of Congress to require the payment of interest on an overpayment during the time when the taxpayer was indebted to the government in an equal amount upon which he was paying no interest.

We think we are not going beyond the clear intent of the act when we hold that the words "additional assessment made under" in section 1116 have reference to the assessment of taxes imposed by the Revenue Act of 1921 and subsequent acts, or additional assessments made in conformity with those acts, although such additional assessments may be made in 1926 after the prior acts have been repealed, except for the assessment and collection of taxes accrued thereunder. In Stoddard v. Chambers, 2 How. 284, 317, 11 L. Ed. 269, the court said: "Now an act under a law means in conformity with it." To the same effect was Mills v. Stoddard, 8 How. 345, 12 L. Ed. 1107; Risley v. Village of Howell (C. C. A.) 64 F. 453. The reports of the congressional committees may be looked to for light in the construction of legislation where the legislative intent is in doubt. Church of the Holy Trinity v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226; Binns v. United States, 194 U. S.

487, 24 S. Ct. 816, 48 L. Ed. 1087; Northern Pacific Ry. Co. v. State of Washington, 222 U. S. 370, 32 S. Ct. 160, 56 L. Ed. 237; McLean v. United States, 226 U. S. 374, 33 S. Ct. 122, 57 L. Ed. 260; Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515. The Revenue Act of 1926, as it passed the House, contained the same provision in section 1116 thereof with reference to the payment of interest on refunds and credits as section 1019 of the Revenue Act of 1924 (26 USCA § 153 note). The Finance Committee of the Senate, Sixty-Ninth Congress, First Session, added to the provision of section 1116 with reference to the payment of interest on credits against additional assessments the words "made under the Revenue Act of 1921, the Revenue Act of 1924, or this act" and in its report, No. 54, accompanying H. R. 1, which became the Revenue Act of 1926, stated as follows: "Section 1116: The House bill re-enacted without change the existing law relating to the payment of interest on refunds and credits. Under existing law, in the case of a credit taken against an additional assessment, the taxpayer is allowed interest from the date of his overpayment to the date of the additional assessment. In the case of taxes imposed by acts prior to the revenue act of 1921, the taxpayer pays no interest in the case of underpayment up to the date of assessment. Consequently, it frequently happens that a taxpayer who owes the Government money, upon which he is paying no interest, is collecting interest upon money which the Government owes him. This situation is remedied by allowing interest in the case of a credit under an act prior to the revenue act of 1921 only to the date on which the original tax against which the credit is taken was due."

The change in this section was approved by the Senate and was agreed to in conference.

The statement of the managers on the part of the House, Sixty-Ninth Congress, First Session, accompanying the conference report on the Revenue Act of 1926, is found on page 56 of said conference report and is as follows: "The House bill re-enacted without change the existing law relating to payment of interest on refunds and credits. Under existing law in the case of a credit taken against an additional assessment the taxpayer is allowed interest from the date of his overpayment to the date of the additional assessment. In the case of taxes imposed by acts prior to the act of 1921 the taxpayer (except as provided in section 283 of this bill) pays no interest in the case of underpayment up to the date of assessment. Consequently it frequently happened that the taxpayer who owes the Government money upon which he is paying no interest is collecting interest upon money which the Government owes him. This amendment remedies this situation by allowing interest in the case of a credit under an act prior to the revenue act of 1921 only to the date on which the original tax against which the credit is taken was due."

These reports clearly evidence the intent that interest should be paid on the amount of a credit applied upon an additional assessment for 1921 and subsequent years to the date of such assessment, otherwise to the due date of the tax against which the credit is applied.

Plaintiff lays much stress upon the provisions of sections 280 of the Revenue Act of 1924 (26 USCA § 1064 note) and 283 of the Revenue Act of 1926 (26 USCA § 1064), as showing, as it insists, that the additional assessment here involved was an assessment made under the Revenue Act of 1926, but, in our opinion, this contention is without force. The Revenue Act of 1924 repealed the Revenue Act of 1921, but provided that that act should remain in force for the assessment and collection of all taxes imposed by such act, and the Revenue Act of 1926 repealed the Revenue Act of 1924, but contained a similar provision relating to the previous act in force for the assessment and collection of all taxes imposed thereby. Section 280 of the Revenue Act of 1924 and section 283 of the Revenue Act of 1926 related to the procedure to be followed in the determination, assessment, and collection of deficiencies under those acts. These sections did not confer the authority to make an assessment for prior years; that authority was conferred by the prior revenue acts which were retained in force for that purpose, and it was this that Congress had in mind when it provided in section 1116 (26 USCA § 153 note) as to the payment of interest on credits in case of an additional assessment "made under" certain acts.

The Revenue Act of 1924 created the United States Board of Tax Appeals and entirely changed the procedure to be followed. in determining, assessing, and collecting taxes, and it was for this reason that sections 280 of the Revenue Act of 1924 (26 USCA § 1064 note) and 283 of the Revenue Act of

1926 (26 USCA § 1064) were enacted. These sections are procedural, and there is nothing in them that would justify the conclusion that an assessment made in 1926 of an additional tax for the year 1918 was an assessment made under the 1926 act, within the meaning of section 1116.

The court is of the opinion that the plaintiff is not entitled to recover. The petition must therefore be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.