## GRANITEVILLE MFG. CO. v. UNITED STATES.

### No. H—288.

Court of Claims.
April 7, 1930.

Miller & Chevalier, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GRAHAM, GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

The question involved in this case is the same as that decided by the court in Riverside

748

& Dan River Cotton Mills, Inc., v. United States, 37 F.(2d) 965, decided February 10, 1930.

The plaintiff contends that the deficiencies assessed for 1917 and 1919 were "additional assessments made under" the revenue act of 1926 within the meaning of section 1116 of that act (26 USCA § 153 note), and, therefore, interest should be paid to the date of the additional assessments.

The defendant insists that since the additional assessments were for years prior to 1921, interest is payable only to the due date of the tax against which the credit is taken, and that, inasmuch as plaintiff had been paid interest of $209.21 on the overpayment for 1918 credited against the additional tax for 1919 at the rate of 6 per cent. per annum from December 16, 1919, the date of payment, to March 15, 1920, the date on which the 1919 tax became due, and since the(tax for 1917 became due prior to the overpayment for 1919, no interest is allowable upon the amount credited to 1917.

The question is governed by the opinion of the court in Riverside & Dan River Cotton Mills, Inc., v. United States, supra, and, for the reasons stated in that case, the plaintiff is not entitled to recover.

Petition must therefore be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

GRAHAM, Judge, concurs in view of the previous decisions of the court.