ANDREWS STEEL CO. v. UNITED STATES.

No. J–388.

Court of Claims.

June 2, 1930.

LITTLETON, Judge.

There is no controversy with reference to the interest paid by the Commissioner upon the amounts refunded. The controversy relates to the computation of interest upon the

overpayments for 1917 and 1918 credited against the tax due for other years.

The first question is as to the date on which the Commissioner allowed the credit within the meaning of section 1324 of the Revenue Act of 1921 (42 Stat. 316). The defendant contends that the credit was allowed on August 25, 1922, the date when the Commissioner first signed the schedule of overassessments for transmission to the collector, while the plaintiff contends that the credits were allowed within the meaning of the act on September 6, 1922, when the Commissioner signed the schedule of refunds and credits certified to him by the collector authorizing the disbursing clerk of the Treasury to pay the amounts shown to be refundable, and interest.

The second question is whether, in providing for the payment of interest on credits to the date of the allowance of claim for credit, the act intended to give the government the right to collect interest on the unpaid installments of the tax reported and due on the return of the taxpayer for years prior to 1921 against which unpaid installments the credits were applied.

As to the first question, relating to the date on which the Commissioner allowed the

Robert T. Tedrow, of Washington, D. C. (Walter W. McCaslin, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLETON, Judges.

credit, the position of the plaintiff is correct. Girard Trust Co. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524; Swift & Co. v. United States, 68 Ct. Cl. 97; Boston Buick Co. v. United States (D. C.) 27 F.(2d) 395, affirmed (C. C. A.) 35 F.(2d) 560; West Leechburg Steel Co. v. United States, 40 F.(2d) 131; Atlas Powder Co. v. United States, 40 F.(2d) 136; and Pottstown Iron Co. v. United States, 40 F.(2d) 142, decided by this court April 7, 1930.

On the second issue, the plaintiff contends that it is entitled to additional interest on the amounts credited against the original tax for 1919 and 1920 from the due dates of the tax for those years to which the Commissioner computed interest to September 6, 1922, the date when the Commissioner allowed the credit; that it is entitled to additional interest upon the amounts credited against the additional assessment of $1,596 for 1920 from August 25, 1922, the date when the Commissioner first signed the schedule of overassessments, to September 6, 1922, the date when he allowed the credit. The defendant insists that it was not intended by the enactment of section 1324 (a) of the Revenue Act of 1921 (42 Stat. 316), to provide for the payment of interest on overpayments of tax credited against a tax due for subsequent years without charging a corresponding amount of interest on the amount due and unpaid, and that it is immaterial whether interest be computed to the due date of the original tax against which the sum was credited or to the date of the allowance of the credit, since each computation of interest offsets the other. In other words, it is the contention of the defendant that the tax is a debt and that the United States has a common-law right to charge the taxpayer interest on the tax from the date it is due.

The defendant computed and paid interest on the overpayment for 1917, $13,773.53 of which was credited to additional assessments for the years 1910 to 1913, inclusive, and $91,885.66 of which was credited against the unpaid original 1919 tax, and on the overpayment for 1918, $170,300.21 of which was applied as a credit against the unpaid original installments of tax for 1920, and $1,596 of which was credited against an additional assessment for the years 1909 to 1917, inclusive, and the plaintiff claims additional interest upon the amounts so credited as follows:

1917.

*Interest Allowed and Paid by Government.*

| Amount of Overpayment | Amount Credited | Amount Refunded | Interest Allowed | | Interest |
|---|---|---|---|---|---|
| | | | From— | To— | |
| $150,532.63 | .......... | $15,669.50 | 10—12—20 | 9— 6—22 | $1,788.05 |
| | $13,773.53 | ............ | 1 10—12—20 | 2 8—25—22 | 1,544.52 |
| | 91,885.66 | ............ | None. | ............ | ............ |
| | | | | | $3,332.57 |

*Additional Interest Claimed by Plaintiff.*

| Amount Credited | Interest Claimed | | Additional Interest |
|---|---|---|---|
| | From— | To— | |
| $13,773.53 | 8—25—22 | 3 9—6—22 | $27.17 |
| 91,885.66 | 10—12—20 | 3 9—6—22 | 10,485.12 |

1 Six months after filing claim for credit.

2 Date the schedule of overassessments was first signed by commissioner.

3 Date on which the Commissioner signed and approved the schedule of refunds and credits certified by the collector and authorized the disbursing clerk to pay.

### 1918.

*Interest Allowed and Paid by Government.*

| Amount of Overpayment | Amount Refunded | Amount Credited | Interest Allowed | | Interest |
|---|---|---|---|---|---|
| | | | From— | To— | |
| $783,977.28 | $612,081.07 | ............ | 10—12—20 | 9— 6—22 | $69,844.31 |
| | | $125,146.80 | 1 10—12—20 | 4 3—15—21 | 3,190.39 |
| | | 22,577.21 | 1 10—12—20 | 4 6—15—21 | 914.22 |
| | | 11,288.10 | 1 10—12—20 | 4 9—15—21 | 626.41 |
| | | 11,288.10 | 1 10—12—20 | 4 12—15—21 | 795.73 |
| | | 1,596.00 | 1 10—12—20 | 2 8—25—22 | 178.97 |
| | | | | | $75,550.03 |

*Additional Interest Claimed by Plaintiff.*

| Amount Credited | Interest Claimed | | Additional Interest |
|---|---|---|---|
| | From— | To— | |
| $125,146.80 | 3—15—21 | 3 9—6—22 | $11,090.06 |
| 22,577.21 | 6—15—21 | 3 9—6—22 | 1,662.05 |
| 11,288.10 | 9—15—21 | 3 9—6—22 | 661.66 |
| 11,288.10 | 12—15—21 | 3 9—6—22 | 492.31 |
| 1,596.00 | 8—25—22 | 3 9—6—22 | 3.15 |

¹ Six months after filing claim for credit.

² Date the schedule of overassessments was first signed by commissioner.

³ Date on which the Commissioner signed and approved the schedule of refunds and credit certified by the collector and authorized the disbursing clerk to pay.

⁴ Due dates of installments of the tax shown on the original return for 1920 against which the credit was applied.

The question of interest on the overpayment of $13,773.53 for 1917 credited against additional assessments for 1910 to 1913, inclusive, and on $1,596 of the overpayment for 1918 credited against additional assessments for 1909 to 1917, inclusive, is entirely disposed of by our decision on the first issue. Interest on these credits should therefore be computed from October 12, 1920, to September 6, 1922. There is left under the second issue the questions whether plaintiff is entitled to interest upon that portion of the 1917 overpayment of $91,885.66 credited against the unpaid installments of the original tax reported for 1919, upon which the Commissioner computed no interest, and whether it is entitled to additional interest upon that portion of the 1918 overpayment amounting to $170,300.21 credited against the unpaid installments of the original tax reported for 1920 as set forth in the above tabulation, and upon which the Commissioner allowed and paid interest from six months after the filing of the claim for credit to the dates on which the installments of the original tax for 1920 were due.

As shown in findings 3 and 4, plaintiff paid none of the tax due on the return for 1919, and paid only a portion of the installments of the tax reported on the return for 1920. In applying a portion of the 1917 overpayment as a credit against the unpaid balance of the original tax for 1919, and a portion of the overpayment for 1918 against the unpaid balance of the installments of the original tax for 1920, the Commissioner allowed no interest on the 1917 overpayment credited against the 1919 tax and allocated the amount of the 1918 overpayment credited to the unpaid portion of the four installments of the tax for 1920 and allowed interest on the amounts so allocated and credited to the dates on which the installments became due in March, June, September, and December, 1921. Plaintiff insists that it should have been paid interest upon these credits from October 12, 1920, to September 6, 1922.

We are of opinion that plaintiff is not entitled to any additional interest upon the amounts credited against the unpaid portion of the original tax reported and due upon the returns for 1919 and 1920. We think the Commissioner of Internal Revenue was correct in refusing to compute interest in respect of these items to the date of the allowance of the credit, not because of any common-law right to charge interest on taxes due and offset such interest against interest provided by the statute in the case of credits but because of the provisions of section 250 (a) and (e) of the Revenue Acts of 1918 and 1921 (40 Stat. 1082, 1083, 42 Stat. 264, 266) which provide that if any installment of the tax shown upon the return is not paid when due, the whole amount of the tax unpaid shall become due and payable upon notice and demand by the collector, and that, if any tax remains unpaid after the date when it is due, and for ten days after notice and demand, interest shall be added from the time it became due.

Subdivision (h) of section 250 of the Revenue Act of 1921, 42 Stat. 267, makes the provisions of subdivision (e), with reference to interest and penalty for failure to pay, applicable to the assessment and collection of the tax which has accrued under the Revenue Act of 1917 (40 Stat. 300) or the Revenue Act of 1918 (40 Stat. 1057). This section also provides that in the case of first installments the instructions printed on the return shall be deemed sufficient notice of the date when the tax is due and sufficient demand, and the taxpayer's computation of tax on the return shall be deemed sufficient notice of the amount due. Section 1324 of the Revenue Act of 1921 (42 Stat. 316) provided for the payment of interest to the taxpayer upon the allowance of a claim for credit at the rate of one-half of 1 per cent. a month to the date of allowance, first, if the amount was paid under specific protest from the date of the payment of the tax. This provision does not apply to this issue. Secondly, the interest was payable if the amount used as a credit was not paid under protest but pursuant to an additional assessment, from the time the additional assessment was paid. This provision has no application to the items now under discussion. Thirdly, it was provided that interest should be paid to the date of the allowance upon the amount used as a credit from six months after the filing of the claim for credit if the amount was not paid under protest nor pursuant to an additional assessment. The items credited against the original tax for 1919 and 1920 fall under this provision of the statute. The Revenue Acts of 1918 and 1921 specifically provide for the collection of interest by the government upon failure of the taxpayer to pay the installments of the tax reported when due, and there is no provision in either statute relieving it from this liability because of the filing of a claim for credit. We have in this case, therefore, a situation where the plaintiff was liable for interest upon that portion of the tax reported on the original returns but not paid when it was due, and which was satisfied by the crediting of a portion of overpayments of tax for prior years upon which credits the government was liable for interest. In making the credits of the overpayments for 1917 and 1918 against the unpaid installments of the original tax for 1919 and 1920, the Commissioner therefore correctly offset interest for which the plaintiff was liable against interest for which the defendant was liable. Whether the Commissioner was correct in charging the plaintiff with interest on the unpaid installments for 1919 and 1920 at the rate of one-half of 1 per cent. a month instead of 1 per cent. a month we are not called upon to decide, because this matter is not in controversy. In doing so he followed article 1035, Reg. 62, which provides that the filing of a claim for credit against the tax due on another return shall be subject to the same rules with respect to the addition of interest and penalty as if the taxpayer had filed a claim for abatement of the tax against which credit is desired. In any event plaintiff has no right to complain because the Commissioner charged it only with the amount of interest for which the government was liable on that portion of the overpayments applied as a credit.

Plaintiff's liability for interest under the provisions of section 250 (a) and (e) of the Revenue Act of 1918 in respect of the unpaid portion of the original tax reported on the return for 1919, amounting to $91,885.66, arose prior to the date on which the defendant became liable for interest upon the overpayment of that amount for 1917. No interest at all was therefore allowable upon this item.

On the other item of $170,300.21 of the overpayment for 1918, credited against the unpaid installments of the original tax reported for 1920, the Commissioner allowed interest from a date six months after the filing of the claim for credit to the dates on which the 1920 installments became due. From and after such dates the interest for

which the plaintiff was liable upon these installments offset the interest for which the defendant was liable, and no additional interest is allowable.

Plaintiff is entitled to recover $30.32, being additional interest of $27.17 on the credit of $13,773,53 from August 25, 1922, to September 6, 1922, and $3.15 as additional interest on the credit of $1,596 from August 25, 1922, to September 6, 1922, for which judgment will accordingly be entered. It is so ordered.