## MOORE SHIPBUILDING CO. v. UNITED STATES.
### No. K–72.

Court of Claims.
June 1, 1931.

Gregory A. Harrison, of ·San Francisco, Cal. (Brobeck, Phleger & Harrison, of San Francisco, Cal., and Vogelsang, Brown, Cram & Feely, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. Louis Bergeron, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, ·WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

■ The question of interest on the overpayment.for 1918 and that portion of the overpayment for 1919 credited to the unpaid original tax and accrued interest for 1920 is governed by the decisions of this court in Riverside & Dan River Cotton Mills, Inc., v. United States, 37 F.(2d) 965, 69 Ct. Cl. 70, and Andrews Steel Co. v. United States, 42 F.(2d) 573, 70 Ct. Cl. 235. Since the 1920 original tax which was satisfied by a portion of these overpayments and the interest on the 1920 tax became due and accrued prior to the date of the overpayments for 1918 and 1919, no interest is allowable on the credits.

■ The next question is whether plaintiff is entitled to interest on $10,837.76 of the overpayment for 1919 on January 7, 1926, and $434,296.07 of the overpayment for 1919 on May 4, 1921, totaling $445,130.83, credited against a 50 per cent. penalty assessed by the Commissioner on June 22, 1926, on a deficiency in tax for 1920. This penalty was included in an additional assessment made under the Revenue Act of 1918 within the meaning of section 1116, Revenue Act of 1926 (26 USCA § 153 note). Interest on the credit is therefore payable only to the due date

of the amount to which the overpayments were credited.

The Commissioner of Internal Revenue refused to allow and pay any interest upon these overpayments credited to the penalty on the ground that the 50 per cent. penalty imposed by section 250 of the Revenue Act of 1918 (40 Stat. 1082), assessed on the deficiency for 1920, became a part of the tax and the due date thereof was the same as the date on which the first installment of the tax for 1920 became due, to wit, March 15, 1921. The position of the plaintiff is that the 50 per cent. penalty which the Commissioner is authorized to assess and collect in certain circumstances is not due under the statute until it is determined and assessed, and therefore it is entitled to interest on that portion of the overpayment for 1919 credited against this penalty from the date on which the 1919 tax so credited was overpaid to June 22, 1926, the date of the assessment of the penalty; the interest claimed on $10,837.76 being $297.99 and on $434,293.07 being $133,762.25, or a total of $134,060.24.

■ We are of opinion that plaintiff is entitled to the interest claimed on the overpayments credited against the penalty. The tax and penalty for 1920 were imposed by the Revenue Act of 1918, which was retained in force by the subsequent Revenue Acts for the purpose of assessment and collection of taxes, penalties, and interest accrued thereunder. Section 250 (a) and (e) of the Revenue Act of 1918, fixes the due date of the tax and provides the circumstances under which interest thereon shall become due. Nothing is said about the date on which a penalty becomes due, other than that it shall be added to the deficiency in tax and paid upon demand by the collector. If the entire tax has been paid before discovery of a false understatement, the penalty is to be collected in the same manner as the tax. See, also, section 250 (e) and (h) of the Revenue Act of 1921 (42 Stat. 264). Section 250 (b) of the 1918 act provides that, as soon as practicable after the return is filed, the Commissioner shall examine it, and, if it then appears that the correct amount of the tax is greater or less than the amount shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of the installments recomputed, the excess so paid shall be credited against the subsequent installments; and, if the amount already paid exceeds the correct amount of tax, the excess shall be credited or refunded to the taxpayer.

If the amount already paid is less than that which should have been paid, the difference shall, to the extent not covered by any credits then due to the taxpayer, be paid upon notice and demand by the collector. This subdivision further provides that, "if the understatement [in the return] is false or fraudulent with intent to evade the tax, then, in lieu of the penalty provided by section 3176 of the Revised Statutes, as amended, for false or fraudulent returns willfully made, but in addition to other penalties provided by law for false or fraudulent returns, there shall be added as part of the tax 50 per centum of the amount of the deficiency." This penalty for a willfully false or fraudulent understatement or valuation in any return or list was first fixed in the amount of 100 per cent. of the duty by section 14 of the Act of June 30, 1864, 13 Stat. 223, 226, and has ever since been continued with certain amendments in section 3176 of the Revised Statutes (26 USCA §§ 97, 98). Upon the advent of the income tax the penalty was made specifically applicable to income taxes, and these Taxing Acts provided for its assessment and collection in the same manner as the tax. In the Revenue Act of 1918 the penalty was fixed at 50 per cent. of the deficiency in tax.

The 50 per centum which the statute directs the Commissioner to add to the deficiency in tax when he determines that the understatement in the return was willfully false or fraudulent is designated a penalty by the statute when it directs such an assessment "in lieu of the penalty provided by section 3176 of the Revised Statutes" and "in addition to other penalties," and when it provides that, if an understatement is made without fault, "there shall be no penalty." The amount thus added under the section for a willful understatement is a penalty rather than a tax. Wright v. Blakeslee, 101 U. S. 174, 25 L. Ed. 1048; Thorne v. Lynch (D. C.) 269 F. 995. The 50 per centum does not relate to income, but is founded solely upon fraud and is not payable by reason of income but by reason of fault. There must be a finding of a false and fraudulent omission whereby the penalty was incurred without which it can neither become due nor be added. Michigan Central R. Co. v. Slack (Circuit Court, Mass.) Fed. Cas. No. 9527.

The requirement that the penalty shall be "added as part of the tax" means merely that it be assessed and collected as though it were a tax; without this provision the Commissioner could not assess and collect the penalty by the summary proceeding of distraint. In the very nature of things, therefore, the reason for the penalty does not exist until the Commissioner has determined that the return was willfully false or fraudulent with intent to evade the tax and the taxpayer is not required to pay it until demand is made. The statute fixes the due date of the tax imposed upon the income as the date for filing the return, unless paid in installments. At the taxpayer's option the tax is due in four installments and, upon the exercise of that option, there are different due dates for each of the four quarters of the tax. It directs that the Commissioner shall then recompute the tax, or the installments, shown on the return, and then requires the assessment of penalties upon certain specified contingencies. Only after the exercise of the power thus conferred upon the Commissioner to find fraud does the statute provide for payment of the penalty. It is then for the first time due, and is payable upon demand by the collector.

As pointed out in Riverside & Dan River Cotton Mills, Inc., v. United States, supra, the purpose of the interest provisions of the Revenue Act of 1926 is to allow interest upon an overpayment only during the time that the taxpayer is not indebted to the United States in a like amount. Carrying out that purpose, we hold that the plaintiff became indebted to the United States for the penalty at the time it was assessed on June 22, 1926, and that date must be used as the due date of the penalty for the purpose of the allowance of interest upon the overpayment for 1919 credited against it, notwithstanding for administrative purposes the penalty, like an additional assessment, is not required to be paid by the plaintiff until notice and demand by the collector. This is the view which the plaintiff takes of the matter, and it sues to recover interest on the overpayment for 1919 credited against the penalty from the date of the overpayment to the date on which the commissioner assessed the penalty. The penalty in this case was paid by the credit made on the second day after its assessment. Plaintiff is entitled to recover the interest sued for, totaling $134,060.24.

The last item relates to interest on $17,305.22 of the overpayment made on May 4, 1921, for 1919, which was first credited on June 24, 1926, to interest assessed on June 22, 1926, on a deficiency for 1920 under section 283 (d) of the Revenue Act of 1926 and later, on December 23, 1926, refunded, inasmuch as the interest to which the plaintiff was entitled upon $890,261.66 made on January 7, 1926, for the year 1919, counterbalanced the interest on the deficiency from February

26, 1926, to the date of the assessment on June 22, 1926. See Riverside & Dan River Cotton Mills, Inc., v. United States, supra. The amount of $17,305.22 was therefore an overpayment which should have been refunded along with the $140,175.32, and interest thereon should have been paid from the date of the overpayment on May 4, 1921, to June 24, 1926, the date of the allowance of the refund. Plaintiff is therefore entitled to recover interest of $5,341.55 from May 4, 1921, to June 24, 1926.

Judgment in favor of the plaintiff for $139,401.79 will be entered. It is so ordered.