# AMERICAN EXCHANGE IRVING TRUST CO. v. UNITED STATES.

## No. J–87.

Court of Claims.

Oct. 20, 1931.

Paul L. Peyton, of Bronxville, N. Y. (William C. Breed, Albert S. Rockwood, and Breed, Abbott & Morgan, on the brief), for plaintiff.

D. Louis Bergeron and ·Charles R. Pollard, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

■ The first claim urged by the plaintiff that the additional assessment for 1920 was made under the Revenue Act of 1926, and that it is therefore entitled to interest on the overpayments for 1918 and 1919 from the date on which such tax was paid to the date of the additional assessment, is controlled by the decision of this court in Riverside & Dan River Cotton Mills, Inc., v. United States, 37 F.(2d) 965, 968, 69 Ct. Cl. 70. Upon the authority of that case, it is held that plaintiff is entitled to interest on the overpayments only to the due date of the tax to which they were credited.

■ The next question is whether the due date of the additional tax assessed for 1920 was March 15, 1921, as determined by the Commissioner, or the dates on which the quarterly installments of the tax for 1920 were due and were paid during 1921. This question is also controlled by the decision

in Riverside & Dan River Cotton Mills, Inc., v. United States, supra, in which we held "that the words 'due date' used in the section [section 1116 of the Revenue Act of 1926] mean .the date fixed by the statute for the payment of the tax, or the several installments thereof; that is, that the due date of a tax is not changed because there is an additional assessment, that the due date here referred to is· the same as that of the original assessment, namely, March 15, 1919, the date fixed ·by law for filing of a calendar year return, or, if paid in installments, then the date provided for the payment of the installments."

Section 250 of the Revenue Act of 1918, 40 Stat. 1057, 1082, provides for the payment of the tax in installments; the due date of the first installment being at the time fixed by law for filing the return, and the due date of the remaining three installments being the fifteenth day of the third, sixth, and ninth months thereafter. Plaintiff paid its tax for 1920 in installments. Section 250 (b) of the Revenue Act of 1918 further provides that: "As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return the installments shall be recomputed. If the amount already · paid exceeds that which should have been paid on the basis of the installments as recomputed, the excess so paid shall be credited against the subsequent installments; and if the amount already paid exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If the amount already paid is less than that which should have been paid, the difference shall, to the extent not covered by any credits then due to the taxpayer under section 252, be paid upon notice and demand by the ·collector." See, also, section 274 (i) of the Revenue Act of 1926 (26 USCA § 1052).

We are· of opinion that the purpose of section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) is to provide for the payment of interest to the due date of the installments. There is nothing in the· section to indicate that for the purpose of payment of interest on credits the due date of the tax otherwise fixed by the statute should be changed. That Congress intended the term "due date" used in section 1116 of the Revenue Act of 1926 to mean the date on which the several installments of

the tax were due if paid in installments is evidenced by the fact that this very matter was considered in connection with section 274 (j) of the same act (26 USCA § 1053), in which it was provided that interest at 6 per cent. per annum should be assessed and collected on deficiencies from the date prescribed for the payment of the tax, or, if paid in installments, from the date prescribed for the payment of the first installment to the date of assessment. In other words, Congress recognized that, in the absence of a provision to the contrary, the due date of a deficiency in tax would be the dates on which the installments were due. See Ways and Means Committee Report No. 1, page 11, 69th Congress, and the Finance Committee Report No. 52, page 28, 69th Congress, on the revenue bill of 1926. Defendant relies upon Blair v. United States ex. rel. Birkenstock, 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983. That case involved the question of when an overpayment had been made, and is not in point here.

The following tabulation shows the total of the deficiency in each installment of tax for 1920:

|  | Payments of installments of total tax shown on original 1920 return | Corrected installments | Installment deficiency |
|---|---|---|---|
| March 15, 1921 | $139,795.78 | $215,444.50 | $75,648.72 |
| June 15, 1921.. | 139,795.78 | 215,444.50 | 75,648.72 |
| Sept. 15, 1921.. | 139,795.78 | 215,444.51 | 75,648.73 |
| Dec. 15, 1921.. | 139,795.78 | 215,444.51 | 75,648.73 |
|  | 559,183.12 | 861,778.02 | 302,594.90 |

Inasmuch as no interest was payable on the overpayments for 1918 and 1919 in the amounts of $8,618.44, $13,494.89, and $8,-962.21 credited to the 1920 tax, these amounts, together with the net deficiency of $87,344.41 applied in reduction of the installment deficiencies, show installment deficiencies of $46,043.74, as follows:

|  | Installment deficiency | Amounts credited without interest and net deficiency collected with interest | Balance of installment deficiencies |
|---|---|---|---|
| March 15, 1921 | $75,648.72 | $29,604.98 | $46,043.74 |
| June 15, 1921.. | 75,648.72 | 29,604.99 | 46,043.73 |
| Sept. 15, 1921.. | 75,648.73 | 29,604.99 | 46,043.74 |
| Dec. 15, 1921.. | 75,648.73 | 29,604.99 | 46,043.74 |
|  | 302,594.90 | 118,419.95 | 184,174.95 |

The total of the last-mentioned installment deficiencies, i. e., $184,174.95, equals the sum of $97,504.54 of the 1918 overpayment and $86,670.41 of the 1919 overpayment credited to the 1920 tax upon which credits the Commissioner allowed interest only to the due date of the first installments, to wit, March 15, 1921. Plaintiff is therefore entitled to additional interest of $4,-143.90 upon the last three installments, as follows:

On $46,043.73 from 3/15/21 to 6/15/21.......... $  690.65
On $46,043.74 from 3/15/21 to 9/15/21..........   1,381.30
On $46,043.74 from 3/15/21 to 12/15/21.........   2,071.95

Judgment will be entered in favor of the plaintiff for $4,143.90. It is so ordered.