District Court, S. D. Florida, Tampa Division.

Aug. 24, 1933.

## HALFF v. UNITED STATES.

No. M-309.

Court of Claims.

Dec. 4, 1933.

Robert Ashe, of Washington, D. C., for plaintiff.

Fred K. Dyar and William W. Scott, both of Washington, D. C. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

This is a tax case, wherein the plaintiff sues to recover an alleged overpayment of income taxes for the calendar year 1926, levied and assessed against the estate of Henry L. Halff, deceased, of which she is the duly appointed executrix.

The Revised Civil Statutes of the State of Texas imposing inheritance taxes upon the estates of deceased persons provide as follows:

"Art. 7131. *Fixing Tax.*—Immediately after the filing of the appraisal report, or as soon thereafter as practical, the county judge shall calculate and determine the tax due on such property, according to the value thereof as shown in such appraisement, and shall furnish a statement of the same to the Comptroller for verification. If the Comptroller finds the tax to be correct, he shall so advise the county judge, whereupon it shall immediately become the duty of the county judge to certify such amount to the collector of taxes, to the executor, administrator or trustee, and to the person to whom or for whose use, the property passes, and said tax shall be a lien upon such property from the death of the decedent until paid.

"Art. 7134. *Foreclosure.*—If the amount of tax due hereunder, as shown by such assessment furnished by the county judge and Comptroller, is not paid within three months from the date of said assessment, same shall draw two per cent. interest per month until paid, beginning with the date of notice of such assessment, and shall be added to said tax and collected as a penalty. If said tax and penalty are not paid within nine months from the date of such assessment, the Comptroller shall so advise the county attorney, or if there is no county attorney then the district attorney, who must immediately file suit in the district court to foreclose the tax lien, as other tax liens are foreclosed."

Henry L. Halff was a citizen of Texas. His death occurred in said state on December 7, 1924. The county judge of Bexar county, following the provisions of the state taxing act, determined and assessed against his estate an inheritance tax of $22,938.85 on December 2, 1925. On March 1, 1926, within ninety days after the tax had been assessed, the plaintiff paid the full amount thereof to the authorized collector of taxes for the state.

In plaintiff's income tax returns for the estate for the calendar year 1926, the full amount of inheritance taxes paid as above was taken as a deduction from gross income, and tax liability computed accordingly. The Commissioner of Internal Revenue declined to allow the deduction for the year 1926, holding that it should have been taken and was only allowable for the year 1925, assessing against the estate an additional income tax for the year 1926, which, with added interest, totaled $3,597.75, and it is for the recovery of this amount, with interest, that the plaintiff sues.

The pertinent sections of the Revenue Act of 1926 are as follows:

Section 219: "(a) The tax imposed by Parts I and II of this chapter shall apply to the income of estates. * * * " (26 USCA § 960 note.)

Section 214: "(a) In computing net income there shall be allowed as deductions:
* * *

"(3) Taxes paid or accrued within the taxable year except. * * * For the purpose of this paragraph, estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes." (26 USCA § 955 (a) (3).

Section 212: "(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. * * * " (26 USCA § 953 (b).

Section 200: "(d) The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212 or 232 [section 953 or 984]. The deductions and credits provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed under section 212 or 232 [section 953 or 984], unless in order to clearly reflect the income the deductions or credits should be taken as of a different period." (26 USCA § 931 (d).

The applicable regulation of the bureau is No. 69, article 134, and reads as follows:

"*Federal Estate and State Inheritance Taxes.*—Federal estate taxes, paid or accrued during the taxable year, are an allowable deduction from the gross income of the estate in computing the net income thereof subject to tax.

"The whole amount of such taxes, irrespective of when paid, is deemed to have accrued on the due date thereof, namely, one

year after the decedent's death (see section 305), and, if the accounts of the estate are kept on an accrual basis, is deductible from gross income of the taxable year in which such due date falls. If the accounts are kept on the basis of cash receipts and disbursements, deduction may be taken from gross income of the taxable year or years in which the payment or payments may have been made.

"Estate, succession, legacy, or inheritance taxes, imposed by any State, Territory, or possession of the United States, or foreign country, are deductible by the estate, subject to the provisions of section 214, where, by the laws of the jurisdiction exacting them, they are imposed upon the right or privilege to transmit rather than upon the right or privilege of the heir, devisee, legatee, or distributee to receive or to succeed to the property of the decedent passing to him. * * *

"The accrual dates of such taxes shall be the due date thereof, except as otherwise provided by the law of the jurisdiction imposing them. * * * *"

The Commissioner justified his ruling, as we gather from defendant's brief, upon two propositions of law: First, that under the taxing law of Texas, the inheritance tax to be paid to the state becomes *due* on December 2, 1925, and hence under the federal law and regulations of the bureau accrued and was deductible in that year; second, that plaintiff kept the accounts of the estate upon an accrual basis, and the provisions of the regulation quoted above govern.

If the due date of the Texas tax is fixed by the statute as of the date of notification and assessment of the same by the county judge and not the last day upon which the tax may be paid without incurring a penalty for nonpayment, then, in our opinion, the Commissioner was right. If the later date is the proper one, the plaintiff is entitled to recover. We say this because both section 214 of the Revenue Act of 1926, supra, and the last paragraph of regulation 69, supra, expressly fix the date of the accrual of deductible state inheritance taxes as of the *"due date thereof,"* and these provisions can of course mean nothing else than the due date of the tax as fixed by the Texas statute. The taxpayer's income tax return for 1926 could not under the Revenue Act and the regulations *accrue* the tax prior to the *due date thereof,* unless sections 212 and 200, providing for returns upon the basis adopted by the taxpayer as a method of accounting, intervene to prevent the application of the section.

The 1916 Revenue Act provided a deduc-

tion for "taxes paid." The act of 1918 changed the wording and granted deductions for "taxes paid or accrued within the taxable year," and this identical provision is carried forward in the act of 1926. Section 214 (a) (3), supra, of the act of 1921 is precisely like that of subsequent acts, including the act of 1926. Undoubtedly it was the intent and purpose of Congress in enacting the above acts to permit the computation of net income upon the basis of allowable deductions "paid or accrued." United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347.

Section 214 (a) (3) of the Revenue Act of 1926, as well as previous acts noted, after allowing deductions for taxes paid or accrued within the taxable year, provides for specified exceptions to the right, and closes with the express provisions that "estate, inheritance, legacy, and succession taxes *accrue* on the *due date* thereof except as otherwise provided by the law of the jurisdiction imposing such taxes." (Italics inserted.) The final paragraph of the taxing act just quoted is apparently free from ambiguity insofar as the *accrual* date of estate taxes is involved. The entire section (214 [26 USCA § 955]) is devoted to the subject-matter of deductible allowances from gross income to ascertain net income for the taxable year, and manifests a distinct intent to fix the accrual date for estate taxes deductible under the law if the method of accounting employed by the taxpayer is on the accrual basis.

The difficulty of ascribing a fixed time to the term "due date" arises, as the cases involving such an issue reflect, from the different senses in which the term is used. Sometimes it indicates a debt owing, and in others a debt matured and demandable. It is obvious from the provisions of the Texas taxing act that collection of the inheritance taxes imposed could not have been enforced in the way provided until after the expiration of the ninety-day period allowed for payment. During this period the Texas authorities accorded taxpayers the right to contest the assessment and object to it either in part or as a whole. Undoubtedly the local administrators of the law construed the *due date* to be the last day upon which payment must be made to escape the provided penalties for nonpayment, and the construction so given is in harmony with a great number of state cases involving an issue similar in principle. Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. S. 85, 90.

In the Riverside & Dan River Mills Case, 37 F. (2d) 965, 968, 69 Ct. Cl. 70, 75, the court passed upon an issue similar in principle to

the present one. Section 1116 of the Revenue Act of 1926 (26 USCA § 153 note) provided as follows: "Upon the allowance of a credit or refund * * * interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, * * * was paid to the date of the allowance of the refund, or in the case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment made under the Revenue Act of 1921, the Revenue Act of 1924, or this Act, * * * then to the date of the assessment of that amount."

The court in construing the act said: "We think a proper construction of this section is that Congress intended in the case of a credit of an overpayment against an additional tax for 1921, or subsequent years, interest should be allowed from the date of payment of such tax to the date of the assessment of such additional amount; that on an overpayment for any year prior to 1921 credited against a deficiency for any other year interest should be allowed from the date of the overpayment to the due date of the amount against which the credit is taken, and that the words 'due date' used in the section mean the date fixed by the statute for the payment of the tax, or the several installments thereof; that is, that the due date of a tax is not changed because there is an additional assessment, that the due date here referred to is the same as that of the original assessment, namely, March 15, 1919, the date fixed by law for filing of a calendar year return, or, if paid in installments, then the date provided for the payment of the installments. See Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; United States v. Chamberlin, 219 U. S. 250, 31 S. Ct. 155, 55 L. Ed. 204; Union Pacific R. R. Co. v. Bowers (D. C.) 21 F.(2d) 856, affirmed (C. C. A.) 24 F.(2d) 788. Generally speaking, the term 'due date' means that an account will be paid at the time fixed for its payment. Tyson v. Reinecke, 25 Cal. App. 696, 145 P. 153. The various revenue acts definitely fixed the due date of the tax imposed by them. See sections 250, Revenue Acts of 1918 (40 Stat. 1082) and 1921 (42 Stat. 264), and sections 270, Revenue Acts of 1924 (26 USCA §§ 1041, 1042 and notes, 1043–1044) and 1926 (26 USCA §§ 1041–1044). In our opinion it was the date for payment provided in those acts to which Congress had reference when it used the words 'due date' in section 1116 of the Revenue Act

of 1926 (26 USCA § 153 note)." Riverside & Dan River Case, supra.

See, also, Andrews Steel Co. v. United States (Ct. Cl.) 42 F.(2d) 573.

If it is a correct construction of the acts involved to hold that the accrual date of state inheritance taxes is fixed by the act, and that the due date of such taxes is the last day upon which they may be paid without a penalty, the reason for so holding, aside from the language of the statute, lies in the fact that state laws taxing deceased persons' estates are not uniform as to time of assessment or payment of the same, and the purpose of Congress was to fix a definite date when the deductible allowance became effective. The Revenue Act uses the words "accrue" and "due date thereof," and, while it is possible to hold that the due date is the date of assessment of the taxes, it is, we think, foreign to the intent of the act to so construe it, for obviously the Texas act provided a period of time which should elapse between the date of assessment and payment during which the taxpayer for various reasons retained the option to pay or not to pay the taxes assessed, without incurring penalties for that period. That the date of payment of a tax is a controlling factor in the determination of tax liability is established in several provisions of the revenue laws. The Revenue Act of 1926 (44 Stat. 9, 56), in paragraph (j) of section 274 (26 USCA § 1053), provides as to a deficiency assessment that interest thereon shall be computed from the date prescribed for the payment of the tax to the date of the deficiency assessment, and, if the tax is paid in installments, "from the date prescribed for the payment of the first installment." This modification of existing law was made to avoid the discrimination which hitherto prevailed between taxpayers who paid the full amount of their taxes on March 15th, the due date of payment, and those who elected to make payments quarterly. Obviously the due date mentioned is fixed as date of payment.

Section 1116 (a) of the 1926 Revenue Act (44 Stat. 119 (26 USCA § 153 note), in providing for interest allowances upon refunds and credits, uses this language: "Interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund, or in the case of a credit, to the due date of the amount against which the credit is taken." This provision was inserted for the purpose of supplying an

omission in former acts wherein the taxpayer escaped the payment of interest in the case of underpayment up to the date of assessment of an additional tax, and it is to be noted that the date of payment of the tax marks out the periods for computation of the interest due on the tax accounts.

We do not think this case involves section 200 (d) of the Revenue Act of 1926 (44 Stat. 10, 26 USCA § 931 (d). The plaintiff's income tax returns for the estate were rendered upon a calendar year basis, and the accounts were kept upon an accrual basis; but the distinction between this case and United States v. Anderson, supra, lies in the fact that in this case the accrual date of the taxes was fixed by statute as the *due date thereof*. In the Anderson Case no such fixed and definite limitations obtained. One was a corporation subject to an excise tax, maintaining a system of accounting upon an accrual basis; the other, the executrix of a deceased person's estate subject to one payment of an estate tax to the state of Texas, and entitled under section 214 (a) (3), supra, to a deductible allowance for the amount of the same on the *due date* fixed for payment, i. e., a period was fixed in the state act within which the executrix was granted time to accumulate the funds or object to paying the tax assessed.

What we have said is confirmed, we think, by the regulations of the Commissioner in making provision for the allowed deductions of federal estate taxes from the annual gross income of the estate, wherein it is provided: "The whole amount of such taxes, irrespective of when paid, is deemed to have accrued on the due date thereof, namely, one year after the decedent's death." In other words, the tax was susceptible to payment without incurring a penalty until the expiration of a year after the death of the decedent, and this provision is followed by the cited one in reference to state estate taxes that the accrual date is to be the due date thereof.

The Revenue Act of 1913 (38 Stat. 114) did not exact of the taxpayer a computation of the tax in the return to be filed March 1 of each year. The Commissioner was to assess the tax upon the basis of the return, and thereafter, "on or before the first day of June of each successive year," notify the taxpayer of the assessment made. The tax so assessed had to be paid on or before the 30th of June following, with certain exceptions not here important, and in case of default in payment on the date fixed, "and for ten days after notice and demand thereof by the collector, there shall be added the sum of 5 per centum on the amount of tax unpaid, and interest at the rate of 1 per centum per month upon said tax from the time the same became due," etc. No penalty was incurred by the taxpayer under this act if payment of the same came within the time limits. The act fixed the due date; i. e., the date when the taxpayer could by payment discharge his tax liability in full and in accord with the assessment of the tax by the Commissioner, without an added sum for failure so to do. Up to the time fixed for payment, a tax liability existed, but the tax itself was not due and demandable prior to that time. Clearly the act fixed the due date of the tax as the last date upon which it could be paid without a penalty.

The Revenue Act of 1916 (39 Stat. 756) contained similar provisions as to return, assessment, and payment of taxes. The time limit for payment was fixed at June 15th, instead of the 30th, but the same provisions as to a penalty for failure to pay were carried forward. We think these and subsequent revenue acts disclose that the tax herein involved was not due until the time expired within which it could be paid without incurring a penalty, and that the term "due date" used in the Texas act had reference to this fact.

The revenue law of Texas is so worded that no taxpayer would regard himself as in default prior to the date upon which he should pay the tax, and by so doing escape the penalty for default and legal proceedings to collect the same.

Judgment for the plaintiff in the sum of $3,597.75, with interest according to law. It is so ordered.

WILLIAMS, Judge, dissents.