## STANDARD OIL CO. (INDIANA) v. UNITED STATES.

### No. L—2.

Court of Claims.
June 4, 1934.

Albert L. Hopkins, of Chicago, Ill. (Harry B. Sutter, Jay C. Halls, Anderson A. Owen, Louis L. Stephens, and John L. Hopkins, all of Chicago, Ill., on the brief), for plaintiff.

James A. Cosgrove and W. W. Scott, both of Washington, D. C. (D. Louis Bergeron, of Washington, D. C., on the brief), for the United States.

PER CURIAM.

It is contended on behalf of the plaintiff that the judgment heretofore entered in this case is invalid for the reason that the oral argument was heard by only three judges; that Judge GREEN, who wrote the opinion, did not hear the oral argument, and that one of the judges who heard the oral argument dissented. Chief Justice BOOTH, who considered himself disqualified, took no part and it seems in some way to be considered that the judgment was rendered by only two judges. Such is not the fact. Judgment was rendered by the court, three judges concurring. The fact that a judge who did not hear the oral argument was selected to write the opinion did not render the judgment invalid. The court, however, in order that a full hearing might be had by all of the judges that participated in the decision, ordered the case resubmitted and reargued orally. Plaintiff's attorneys appeared and reargued the case at great length before all of the judges except Chief Justice BOOTH. In so far as argument was presented for additional findings, the court is clear that when all the evidence is considered, no findings on ultimate facts material to the decision of the case have been omitted; and in so far as it is contended that some of the findings were erroneous, the court on re-examination of the evidence concludes that the findings are fully supported thereby.

The second ground of the opinion is not accurately stated in the motion for new trial. It was, as stated in the opinion, that even if plaintiff had the right in the first instance to direct the application of the overpayment, this direction could be revoked, and that the evidence showed such a revocation or modification by and through the waiver which plaintiff executed which was in effect a contract directing how the overpayment should be applied. The opinion recited the circumstanc-

es under which the contract was made, but not as controlling its construction. On both the first and second grounds of the opinion, the court adheres to the view of the legal questions as expressed in the original opinion.

Counsel for defendant has conceded from the outset that plaintiff was entitled to some additional interest. Plaintiff submits an involved method of calculating this interest and contends it is sustained by the opinion of this court in Irving Trust Co. v. United States, 72 Ct. Cl. 578. But as stated in the original opinion, that case decided nothing which is applicable here except that the 1920 taxes came due in installments at the dates fixed by the statute. The table annexed to the opinion shows that the court allowed interest from the date of the overpayment to the time when the installments fell due upon which it was credited. The method used is very simple and plain, fair to the taxpayer, and, as we think, in accordance with law.

Plaintiff's motion must be overruled upon all of its grounds, and an order will be entered accordingly.