274

Henry MASON, Louis L. Pritikin and
Etta Pritikin

v.

UNITED STATES.

No. 537–53.

United States Court of Claims.

April 2, 1958.

———◆———

Howard R. Slater, Chicago, Ill., for plaintiffs. Vincent Rombs, Chicago, Ill., was on the brief.

Sheldon J. Gitelman, Washington, D. C., with whom was Acting Asst. Atty. Gen. John N. Stull, for defendant. James P. Garland, Washington, D. C., was on the brief.

LITTLETON, Judge.

Plaintiffs sue to recover $6,951.19 alleged to be due them as additional interest on overpayments of income taxes for the years 1943 and 1944, which overpayments have been credited against fraud penalties subsequently assessed for the same two years. The Government has interposed counterclaims for assessed and allegedly unpaid deficiencies in taxes for the years in suit.

The plaintiffs Henry Mason and Louis L. Pritikin were equal partners in a partnership known as Pritikin and Mason. The partnership information returns for the years 1942, 1943 and 1944 substantially understated the income of the partnership. The individual partners filed joint income tax returns with their respective wives for the calendar years 1942, 1943 and 1944 in which they also substantially understated their incomes and paid the taxes shown to be due on such returns.

On November 14, 1945 the partnership filed amended partnership information returns for the years 1942, 1943 and 1944, disclosing previously unreported income in considerable amounts (finding 7). On the same date the individual partners filed amended returns for the years 1943 and 1944 reflecting the increase in the distributive shares of the partners in the partnership income (findings 8 and 9). Also, on November 14, 1945, the taxpayers paid to the Collector of Internal Revenue the additional income taxes shown to be due on the amended returns for the years 1943 and

1944, with interest thereon to November 14, 1945.

On September 27, 1950 Henry Mason paid to the Commissioner of Internal Revenue $18,430.83, and Louis L. and his wife, Etta Pritikin, paid to the Commissioner of Internal Revenue $17,744.11. Thereafter, on April 6, 1951, there were assessed against the plaintiffs fraud penalties in connection with the taxpayers' wilful understatement of income for the years 1942, 1943 and 1944, and income tax deficiencies, with interest, were assessed against the taxpayers for 1942. Against these assessments there were credited the sums paid by the taxpayers to the Commissioner on September 27, 1950, in partial satisfaction of such assessments.

At about the same time as the assessment of the above fraud penalties, the Commissioner of Internal Revenue determined that the partnership had overstated its net income for the years 1943 and 1944, and that the amended individual income tax returns for those years filed by the Masons and the Pritikins had correspondingly overstated the distributive shares of the partnership income for those years. Accordingly, on April 13, 1951, the Commissioner scheduled the overassessments listed in finding 14 herein. Overassessments so scheduled were not refunded to the taxpayers but were credited against the 1942 assessed deficiencies and the fraud penalties applicable to 1942, 1943 and 1944. The Collector allowed interest on the overpayments applicable to the years 1943 and 1944 to the extent that those overpayments were credited to the 1942 deficiencies. He also allowed interest, computed from the date of the overpayments in 1945 to the date of the assessment of the fraud penalties in 1951, on that portion of the overassessments which he had credited against the 1951 fraud penalties. Thereafter, on review, the Commissioner of Internal Revenue reversed the latter allowance and credit and disallowed interest on the overpayments to the extent that such overpayments had been credited to the fraud penalties for the years

1943 and 1944. The earlier action by the Collector had satisfied all of plaintiffs' obligations and resulted in a balance due the taxpayers whereas the final action by the Commissioner resulted in a deficiency for which the Government has herein counterclaimed. (Findings 16, 17 and 18)

The Commissioner of Internal Revenue and the defendant take the position that plaintiffs are entitled to interest on the 1943 and 1944 overpayments of taxes only to the extent that such overpayments were credited to the 1942 deficiencies. They urge that interest on the 1943 and 1944 overpayments should be disallowed to the extent that the overpayments were credited to the fraud penalties for the years 1943 and 1944. Defendant bases this contention on the theory that a taxpayer is indebted to the Government for a fraud penalty *prior to* the assessment of such penalty, i.e., a sort of potential obligation which becomes fixed on the date of assessment and relates back to the date when the fraud was committed. Defendant also contends that in any event, where a fraud penalty and an income tax overassessment relate to the same tax year, the taxpayer is not entitled to have interest on that overassessment under the provisions of section 3771 of the Internal Revenue Code of 1939. 26 U.S.C. § 3771.

Plaintiffs contend that a fraud penalty is not an obligation of a taxpayer to the Government until it is determined and assessed. In this case the fraud penalties were not determined and assessed until April 6, 1951.

■■ Section 3771 of the Code provides in pertinent part as follows:

"*Interest on overpayments*

"(a) *Rate.* Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.

"(b) *Period.* Such interest shall be allowed and paid as follows:

"(1) *Credits.* In the case of a credit, *from the date of the overpay-*

*ment to the due date of the amount against which the credit is taken,* but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount." [Italics supplied].

The parties agree that the interest provisions of the Internal Revenue Code are intended to allow interest on an overpayment only during the time that the taxpayer is not indebted to the United States in a like amount. Riverside & Dan River Cotton Mills, Inc. v. United States, 37 F.2d 965, 69 Ct.Cl. 70; Moore Shipbuilding Co. v. United States, 50 F. 2d 288, 72 Ct.Cl. 392, 76 A.L.R. 1018, 1019. The issue to be decided herein is whether or not under the circumstances of this case the taxpayers were indebted to the Government for the fraud penalties in connection with 1943 and 1944 prior to the date on which those penalties were determined and assessed in 1951. If they were not, then plaintiffs must prevail.

The case most analogous on the facts to the instant case is that of Moore Shipbuilding Co. v. United States, supra. In that case the court held that the taxpayer was not indebted to the Government for a fraud penalty until the penalty was actually determined and assessed; that although the Code required that the penalty should be added as a part of the tax and collected in the same manner as a tax, it was not in fact a tax and was not payable by reason of income but by reason of a determination that fraud had been committed. The court pointed out that there must be a finding by the Commissioner of a false and fraudulent omission by the taxpayer whereby the penalty was incurred, and that until such a finding is made, the penalty cannot be assessed and nothing becomes due or added to the tax. The court held in the Moore case that the plaintiff was entitled to recover interest on the overpayment of its tax credited

against the fraud penalty from the date of the overpayment to the date on which the fraud penalty was determined and assessed.

The only difference between the Moore case and the instant case lies in the fact that in the Moore case the overpayment on which interest was allowed was for one year and the penalty was assessed with respect to a fraud committed in a different year, whereas in the instant case the fraud and the overpayment related to the same tax year. We are of the opinion that the distinction pointed out by defendant does not require or warrant the result it seeks herein. The fact that the overpayment and the fraud penalty relate to the same year does not make the penalty an obligation of the taxpayer in that year unless the penalty was actually determined and assessed in that year. None of the cases cited by the defendant hold that a fraud penalty is an indebtedness of the taxpayer prior to the date of its determination and assessment and we see no justification for departing from our holding in the Moore decision, supra.

Plaintiffs were entitled to interest on the 1943 and 1944 overpayments from the date of such overpayments in 1945 up to the date of the assessments of the fraud penalties in 1951 and they are therefore entitled to recover the interest sued for as follows:

Henry Mason................$3,450.81
Louis L. and Etta Pritikin.... 3,500.38

Inasmuch as plaintiffs are entitled to interest on their overpayments up to the date of the assessment of the fraud penalties in 1951, defendant is not entitled to recover on its counterclaims and the counterclaims will be dismissed.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, MADDEN and WHITAKER, Judges, concur.